2008 WY 143

STATE of Wyoming, OFFICE OF the AT-
TORNEY GENERAL, DIVISION OF
CRIMINAL INVESTIGATION, Appel-
lant (Respondent),

v.

Keith Jerome THOMASON,
Appellee (Petitioner).

No. S-08-0056.

Supreme Court of Wyoming.

Dec. 8, 2008.

Representing Appellant: Bruce A. Salz-
burg, Attorney General; Terry L. Armitage,
Deputy Attorney General; David L. Deli-
cath, Senior Assistant Attorney General.

Representing Appellee: Dion J. Custis of
Dion J. Custis, PC, Cheyenne, Wyoming.

Before VOIGT, C.J., and GOLDEN,
HILL, KITE, and BURKE, JJ.

VOIGT, Chief Justice.

[¶ 1] This is an appeal by the Division of
Criminal Investigation of the Office of the
Wyoming Attorney General ("Division").
The Division is charged with maintaining and
overseeing the Wyoming sex offender regis-
tration process. Wyo. Stat. Ann. § 7–19–301
*et seq.* (LexisNexis 2007). The district
court relieved Keith Jerome Thomason ("the
appellee") of his duty to register as a sex
offender. The Division appealed that deter-
mination. We will reverse.

## ISSUES

[¶ 2] We will address the following two
issues, as stated by the appellee:

1. Was the district court decision to re-
lieve [the appellee] from his statutory duty
to register as a sex offender contrary to
statute?

2. Did the State waive its right to appeal
by failing to appear at either of the two
motion hearings?

## FACTS

[¶ 3] In August of 1997, the appellee plead
guilty to two counts of fourth degree sexual
assault, as defined in Wyo. Stat. Ann. § 6–2–
305 (Michie 1977). In November of 2002, the
appellee was notified by the Division that
under the Wyoming Sex Offender Registra-
tion Act, as it existed at that time, he was not
required to register or provide changes of
address to the county sheriffs in Wyoming.

In June of 2007, the Division sent a letter to the appellee notifying him of recent changes to the Wyoming sex offender registration laws, and informing him that under the new laws he would be required to register.

[¶4] On September 10, 2007, the appellee filed a Petition for Relief of Duty to Register. In his petition, the appellee requested that his duty to register be terminated pursuant to Wyo. Stat. Ann. § 7–19–304(a)(i) (Lexis-Nexis 2007). This statute allows for termination of the duty to register after fifteen years, with a reduction of five years if the offender has maintained a clean record during that time. The Division filed an answer opposing appellee's petition on September 18, 2007. A hearing was held and the district court entered an order relieving the appellee of his duty to register. The Division filed a timely notice of appeal.

## STANDARD OF REVIEW

[¶5] This case presents a question of statutory construction. We review issues of statutory construction *de novo* without giving any deference to the decision of the district court. *RK v. State ex rel. Natrona County Child Support Enforcement Dep't,*

2008 WY 1, ¶10, 174 P.3d 166, 169 (Wyo. 2008).

## DISCUSSION

### Relevant Statutes

[¶6] Before addressing the specifics of this case, we will briefly examine relevant portions of the Wyoming Sex Offender Registration Act ("Act"). To be subject to the Act, an individual must meet the definition of "offender" found in Wyo. Stat. Ann. § 7–19–301(a)(viii) (LexisNexis 2007).

(viii) "Offender" means a person convicted of a criminal offense specified in W.S. 7–19–302(g) through (j), or convicted of a criminal offense from Wyoming or any other jurisdiction containing the same or similar elements, or arising out of the same or similar facts or circumstances, as a criminal offense specified in W.S. 7–19–302(g) through (j)[.]

Wyo. Stat. Ann. § 7–19–302(g) through (j) (LexisNexis 2007) separates the crimes for which registration is mandated into three categories with different reporting requirements for each category.[1] Under Wyo. Stat.

---

1. Wyo. Stat. Ann. § 7–19–302(g) through (j) reads:

(g) For an offender convicted of a violation of W.S. 6–2–202 if the victim was a minor and the offender is not the victim's parent or guardian, W.S. 6–2–203 if the victim was a minor and the offender is not the victim's parent or guardian, W.S. 6–2–315(a)(iv), 6–2–316(a)(iii) and (iv), 6–2–317(a)(i), 6–4–303(b)(iv) or W.S. 6–4–304(b) if the victim was a minor, or an attempt or conspiracy to commit any of the offenses specified in this subsection, the division shall annually verify the accuracy of the offender's registered address, and the offender shall annually report, in person, his current address to the sheriff in the county in which the offender resides, during the period in which he is required to register. Any person under this subsection who has not established a residence or is transient, and who is reporting to the sheriff as required under subsection (e) of this section, shall be deemed in compliance with the address verification requirements of this section. (h) For an offender convicted of a violation of W.S. 6–2–304(a)(iii) if the victim was at least fourteen (14) years of age, W.S. 6–2–314(a)(ii) and (iii), 6–2–315(a)(iii), 6–2–316(a)(i), 6–2–317(a)(ii) or 6–2–318, W.S. 6–4–102 if the person solicited was a minor, W.S. 6–4–103 if the person enticed or compelled was a minor,

W.S. 6–4–302(a)(i) if the offense involves the use of a minor in a sexual performance or W.S. 6–4–303(b)(i) through (iii), an attempt or conspiracy to commit any of the offenses specified in this subsection, or any felony enumerated in this section if the offender was previously convicted of a felony under subsection (g) of this section, the division shall verify the accuracy of the offender's registered address, and the offender shall report, in person, his current address to the sheriff in the county in which the offender resides, every six (6) months after the date of the initial release or commencement of parole. Any person under this subsection who has not established a residence or is transient, and who is reporting to the sheriff as required under subsection (e) of this section, shall be deemed in compliance with the address verification requirements of this section. (j) For an offender convicted of a violation of W.S. 6–2–201 if the victim was a minor, W.S. 6–2–302 or 6–2–303, W.S. 6–2–304(a)(iii) if the victim was under fourteen (14) years of age, W.S. 6–2–314(a)(i), 6–2–315(a)(i) and (ii), 6–2–316(a)(ii), 6–4–402, an attempt or conspiracy to commit any of the offenses specified in this subsection, or any felony enumerated in this section if the offender was previously convicted of a felony under subsection (g) or (h) of this section, the division shall verify the accu-

Ann. § 7–19–304(a) (LexisNexis 2007), an offender's duty to register and report continues for the offender's lifetime. However, an offender whose crime falls within the category of crimes enumerated in subsections (g) and (h) may be granted relief from his duty to register.

> (a) The duty to register under W.S. 7–19–302 shall begin on the date of sentencing and continue for the duration of the offender's life, subject to the following:
>
> > (i) For an offender specified in W.S. 7–19–302(g), the duty to register shall end fifteen (15) years after the offender was released from prison, placed on parole, supervised release or probation, provided the registration period shall be tolled for subsequent periods of confinement. The period of registration under this paragraph may be reduced by five (5) years if the offender maintains a clean record as provided in subsection (d) of this section; and
> >
> > (ii) An offender specified in W.S. 7–19–302(h) who has been registered for at least twenty-five (25) years, exclusive of periods of confinement, may petition the district court for the district in which the offender is registered to be relieved of the duty to continue to register. Upon a showing that the offender has had no further felony or misdemeanor convictions during the period of registration, the district court may order the offender relieved of the duty to continue registration.

**Was the district court decision to relieve [the appellee] from his statutory duty to register as a sex offender contrary to statute?**

■ [¶ 7] The question with which we are confronted involves the proper interpretation of Wyo. Stat. Ann. § 7–19–302(g) and (h). Specifically, we must determine whether the appellee's crime falls within subsection (g), permitting termination of the duty to register after ten years, or subsection (h),

which subsection allows termination after twenty-five years.

[¶ 8] The district court found that the appellee's offense fell within subsection (g), and because the appellee had a clean record and it had been ten years since he was placed on probation, the district court relieved him of his duty to register. On appeal, the Division contends that the appellee's crime should have fallen under subsection (h) and that the appellee should not be eligible for relief from his duty to register until the expiration of twenty-five years.

[¶ 9] The crime to which the appellee pled guilty was a violation of Wyo. Stat. Ann. § 6–2–305 (Michie 1977) (sexual assault in the fourth degree).

> Except under circumstances constituting a violation of W.S. 14–3–105, any actor who subjects a victim to sexual contact under any of the circumstances of W.S. 6–2–302(a)(i) through (iv) or 6–2–303(a)(i) through (vi) without inflicting sexual intrusion on the victim and without causing serious bodily injury to the victim commits sexual assault in the fourth degree.

This statute was repealed in 1997, and thus is not one of the crimes specified in Wyo. Stat. Ann. § 7–19–302(g) through (j). Therefore, for the appellee to be considered an "offender" for purposes of the Act, his crime must contain the "same or similar elements" as a criminal offense enumerated in Wyo. Stat. Ann. § 7–19–302(g) through (j). The elements of sexual assault in the fourth degree are virtually identical to the elements of Wyo. Stat. Ann. § 6–2–304(a)(iii) (LexisNexis 2007) (sexual assault in the third degree), which reads:

> (a) An actor commits sexual assault in the third degree if, under circumstances not constituting sexual assault in the first or second degree:
>
> > . . . .

racy of the offender's registered address, and the offender shall report, in person, his current address to the sheriff in the county in which the offender resides every three (3) months after the date of the initial release or commencement of parole. Any person under this

subsection who has not established a residence or is transient, and who is reporting to the sheriff as required under subsection (e) of this section, shall be deemed in compliance with the address verification requirements of this section.

(iii) The actor subjects a victim to sexual contact under any of the circumstances of W.S. 6–2–302(a)(i) through (iv) or 6–2–303(a)(i) through (vi) without inflicting sexual intrusion on the victim and without causing serious bodily injury to the victim.

[¶ 10] The Division argues that the district court erred when it applied subsection (g) because the elements of the crime to which the appellee pled guilty are the same as those of sexual assault in the third degree, a subsection (h) offense. The district court's order is one sentence and merely states "pursuant to W.S. 7–19–304(a)(i), the above-entitled Petitioner is hereby relieved from the duty of registering." While the district court was apparently treating the appellee's crime as a subsection (g) offense, it did not state the specific subsection (g) offense to which it found the appellee's crime comparable.

[¶ 11] The appellee contends that the district court must have considered his offense to have the same or similar elements as those of Wyo. Stat. Ann. § 6–2–315(a)(iv) (LexisNexis 2007) (sexual abuse of a minor in the second degree), a subsection (g) offense which reads:

(a) Except under circumstances constituting sexual abuse of a minor in the first degree as defined by W.S. 6–2–314, an actor commits the crime of sexual abuse of a minor in the second degree if:

. . . .

(iv) Being eighteen (18) years of age or older, the actor engages in sexual contact with a victim who is less than sixteen (16) years of age and the actor occupies a position of authority in relation to the victim.

[¶ 12] We conclude that the statutes are unambiguous and that the elements of sexual assault in the third degree are the same as the elements of sexual assault in the fourth degree, as described in the 1977 statute under which the appellee was convicted. Because sexual assault in the third degree is one of the offenses enumerated in Wyo. Stat. Ann. § 7–19–302(h), the twenty-five-year termination provision of Wyo. Stat. Ann. § 7–19–304(a)(ii) applies. Therefore, the district

court erred in ordering the appellee's registration duty terminated pursuant to the ten-year provision of Wyo. Stat. Ann. § 7–19–304(a)(i).

**Did the State waive its right to appeal by failing to appear at either of the two motion hearings?**

■ [¶ 13] The Division filed an Answer to Petition for Relief of Duty to Register. The record is unclear whether the Division received notice of the hearing in which this matter was decided, but the Division denies ever having received such notice. The appellee asserts that the Division waived its right to challenge the district court's determination because it failed to appear at the hearing. In support of its position, the appellee offers two unpublished United States District Court cases for the District of Colorado, *Namoko v. Cornish and Dell'ollio Law Firm*, No. 07–CV–0225–WDM–CBS, 2008 WL 2037980, at *1 (D. Colo. Apr. 21, 2008) and *Union Pacific R.R. Co. v. Western Intl. Grain Co.*, No. 07–CV–01028–RPM–CBS, 2008 WL 926545, at *1 (D.Colo. April 7, 2008). It is unclear what specific legal principle or concept the appellee hopes us to glean from these two cases, as he fails to cite to any specific portion of either case. After reading both cases, we find them to be irrelevant to the facts presented here and thus we will not consider the appellees argument on this issue any further as it is unsupported by cogent legal argument or citation to authority. *Abitbol v. State*, 2008 WY 28. ¶ 19, 178 P.3d 415, 420 (Wyo.2008). In particular, the appellee presents no authority for the proposition that failure to attend a hearing constitutes waiver of the right to appeal a decision resulting from that hearing.

**CONCLUSION**

[¶ 14] The district court erred when it interpreted the Wyoming Sex Offender Registration Act to relieve the appellee of his duty to register. Further, the record does not show that the Division waived its right to pursue this appeal. We reverse the decision of the district court, and remand to the dis-

trict court for entry of an order consistent herewith.