**Patricia McPHERSON, Appellant**

v.

**John G. FELKER, M.D., Appellee.**

No. 2009–CA–000901–MR.

Court of Appeals of Kentucky.

Feb. 15, 2013.

David C. Graves, III, Edward L. Cooley, Lexington, KY, for appellant.

Clayton L. Robinson, Adam W. Havens, Lexington, KY, for appellee.

Before ACREE, Chief Judge; NICKELL and STUMBO, Judges.

*OPINION*

STUMBO, Judge:

This appeal addresses the following procedural question: Is a signed order granting summary judgment, which was faxed to the clerk and entered in the docket, a final judgment for purposes of calculating the timeliness of a subsequent motion to alter, amend or vacate? The Montgomery Circuit Court held that the faxed order was the final judgment, and on that basis ruled that Patricia McPherson's motion to vacate was untimely filed. We agree and affirm.

In 2006, McPherson filed a medical malpractice suit in the Montgomery Circuit Court against John G. Felker, M.D. Felker filed a motion for summary judgment on December 23, 2008. McPherson filed a response to the motion on December 31, 2008. On the same day, the circuit court signed an order granting the motion and faxed it to the Montgomery Circuit Clerk, who date-stamped it, entered it into the record, and mailed copies to the counsel of

record. On January 6, 2009, the clerk received the actual order. It was also date-stamped, entered into the record, and mailed to counsel.

On January 16, 2009, McPherson filed a motion pursuant to Kentucky Rules of Civil Procedure (CR) 59.05 to vacate the summary judgment. The rule provides that such motion "shall be served no later than 10 days after entry of the final judgment." Felker filed a motion to strike McPherson's motion as untimely, arguing that the facsimile copy of the order entered by the clerk on December 31, 2008, constituted the final judgment. The trial court granted the motion.

McPherson then moved the court under CR 60.02(a), (e), and (f) to set aside the faxed order, to correct the record to reflect that the January 6, 2009 order was final and appealable, and to set aside the order striking her motion to vacate. Felker filed his response arguing that the December order was the final and appealable order. The trial court ultimately ruled in Felker's favor, holding that the facsimile copy of the order entered in December was the final judgment and that McPherson's motion to vacate was properly struck from the record as untimely filed. This appeal followed.

The rule at issue in this case, CR 58(1), provides in pertinent part that "[b]efore a judgment or order may be entered in a trial court it shall be signed by the judge. The clerk, forthwith upon receipt of the signed judgment or order, shall note it in the civil docket as provided by CR 79.01." McPherson argues that the rule contemplates that the entry by the court clerk be the original signed judgment or order and not a photocopy, facsimile, or other duplicate. In essence, he argues, only the original January, 2009 order was "signed" for

the purposes of the rule. Felker argues that the December, 2008 order was the order that began the running of the CR 59.05 clock because it was entered into the record and mailed to counsel of record. He also argues that although the December order was sent to the clerk via fax, the order was in fact signed by the trial judge and entered.

There is no Kentucky case law on point in regard to this issue. Both parties have cited opinions from other jurisdictions. We find the case of *In re Wal–Mart Stores, Inc.*, 20 S.W.3d 734 (Tex.App.2000), persuasive. In that case, the Texas Court of Appeals held that unless the facsimile signature[1] is argued to be invalid, the order will stand. In Texas, as long as the stamped signature is done by someone under the direct authority of the judge, such as a court clerk, or is directed by the judge to affix the signature, then the signature is valid. Here there is no issue of authenticity in regard to the faxed signature.

Approached from a different direction, we can look to *Staton v. Poly Weave Bag Co., Incorporated/Poly Weave Packaging, Inc.*, 930 S.W.2d 397 (Ky.1996), wherein our Supreme Court recognized the rule that the "entry" of a judgment or order occurs when the clerk makes a notation in the record, irrespective of when the judgment was signed. It stated that,

[i]t has long been established that, regardless of when a judgment or order is rendered, it is the notation of the judgment or order in the docket by the clerk which constitutes "entry" of the document, and the document is not effective until after it has been entered by being noted in the docket. CR 58(1); *See also*

---

1. This term does not mean a signature sent by fax machine. It means copy, or in the *Wal-Mart* case, a rubber stamp signature put on the order by court clerk.

*Bartlett v. Commonwealth*, 418 S.W.2d 225 (Ky.1967).

*Id.* at 398.

*Staton* disposes of the claimed error. By recognizing that "it is the notation of the judgment or order in the docket by the clerk which constitutes 'entry' of the document", and as it is uncontroverted that the Montgomery Circuit clerk not only noted the order at issue in the docket on December 31, 2008, but time stamped it and gave notice to both counsel, we have no basis for finding error in the circuit court's determination that summary judgment was entered on that date. Further, CR 59.05, pursuant to which McPherson sought to vacate the summary judgment, requires that said motion shall be served not later than 10 days after **entry** of the final judgment. (Emphasis added). Because summary judgment was entered more than 10 days before the filing of the motion, there was no error.

In Kentucky, the stamping of a judge's signature is also common practice in certain circuit courts. This practice is only one step removed from receiving a signed order by fax. As long as the order is regular on its face and has not been challenged as not intended to be entered or not the signature of the judge, the order should be presumed valid. We see no reason to find that a faxed order which is signed by the judge should not be considered a "signed" order under CR 58(1).

Also, as a practical matter, there is a common sense reason for permitting faxed signatures. In Kentucky, many judges sit in more than one county and routinely hold hearings in a county other than the county in which the order is to be entered. The ability of the judge to fax an order for the clerk to enter facilitates entry of orders in a timely fashion, particularly when there is need for swift action such as in child custody or visitation situations. The Court of Appeals regularly enters facsimile copies of an order on the docket, which is then replaced with the original order when it is received by our clerk by mail from the judge's chambers. To ensure a smooth flow of court business, signed faxed orders are "signed" for the purposes of CR 58.

For the foregoing reasons, we affirm the order of the Montgomery Circuit Court.

ALL CONCUR.

