# IN THE SUPREME COURT, STATE OF WYOMING

## 2021 WY 12

### OCTOBER TERM, A.D. 2020

### January 26, 2021

MEGAN LORRAINE RACZON,

Appellant
(Defendant),

v.

S-20-0159

THE STATE OF WYOMING,

Appellee
(Plaintiff).

---

*Appeal from the District Court of Hot Springs County*
*The Honorable Bill Simpson, Judge*

*Representing Appellant:*
> Megan Lorraine Raczon, pro se.

*Representing Appellee:*
> Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Joshua C. Eames, Senior Assistant Attorney General; Catherine M. Mercer, Assistant Attorney General.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]   Megan Lorraine Raczon entered into a plea agreement with the State where she pleaded no contest to stalking.  The district court did not enter a conviction on the plea but deferred the proceedings and placed Ms. Raczon on one year of unsupervised probation.  Ms. Raczon filed a *pro se* appeal, raising nineteen issues.  We affirm.

## *ISSUE*

[¶2]   The dispositive issue is whether this Court has jurisdiction to consider Ms. Raczon's appeal?

## *FACTS*

[¶3]   In September 2018, the State charged Ms. Raczon with felony stalking, felony perjury, misdemeanor unlawful impersonation, and misdemeanor false reporting.  After dismissing the perjury charge at a preliminary hearing, the court bound the three remaining charges over to district court.  Ms. Raczon entered a plea of not guilty.

[¶4]   Later, Ms. Raczon and the State reached a conditional plea agreement under which Ms. Raczon agreed to plead no contest to the stalking charge.  The State agreed to dismiss the remaining charges.  At the change of plea hearing, the district court accepted the plea agreement and imposed one-year probation on the felony stalking charge.  The misdemeanor charges were dismissed.  In accord with Wyo. Stat. Ann. § 7-13-301, the court did not enter a conviction on the plea but deferred the proceedings.  On February 27, 2020, the district court signed the sentencing order (§ 301 deferral order).  On February 28, 2020, the district court e-mailed the § 301 deferral order to the district court clerk.  The order was file stamped and entered the same day.  On March 3, 2020, the hard copy of the § 301 deferral order that was e-mailed on February 28, 2020, was filed of record.  Ms. Raczon filed her *pro se* notice of appeal on April 2, 2020.

## *DISCUSSION*

### I.      *Does the Court have jurisdiction to consider Ms. Raczon's appeal?*

[¶5]   The State contends this Court lacks jurisdiction over Ms. Raczon's appeal because (1) her notice of appeal was untimely; and (2) the sentencing order deferring the proceedings is not a final, appealable order.  This Court reviews questions regarding its jurisdiction de novo.  *See Uden v. State*, 2020 WY 109, ¶ 8, 470 P.3d 560, 561 (Wyo. 2020).  We need only address the timeliness issue here.

### A.      **Was Ms. Raczon's appeal timely?**

[¶6]   On February 28, 2020, the district court transmitted an electronic copy of the signed § 301 deferral order which was filed that same day.  The hard copy of that order was later filed on March 3, 2020.  Ms. Raczon's April 2, 2020 notice of appeal is not timely if the electronic order filed February 28, 2020, controls.  It is timely if the hard copy filed March 3, 2020, controls.  *See* W.R.A.P. 2.01(a).  The State argues that the order was entered February 28, 2020, and Ms. Raczon's notice of appeal is untimely.

[¶7]   W.R.Cr.P. 32 governs the entry of a judgment and sentence.  W.R.Cr.P. 32(b)(4) states that "The judgment shall be promptly signed by the judge and entered by the clerk."  W.R.Cr.P. 32(c)(2) states that "A written sentence shall be signed by the judge and entered by the clerk of court without delay."  The ambiguity here is whether the word "signature" means the original signature or whether it includes signature by other methods, such as a photocopy, facsimile, or other duplicate.

[¶8]   There is no Wyoming case law on point.[1]  "In interpreting rules of procedure, we apply the same standards used in statutory construction."  *Gas Sensing Tech. Corp. v. New Horizon Ventures Pty Ltd as Tr. of Linklater Family Tr.*, 2020 WY 114, ¶ 26, 471 P.3d 294, 299 (Wyo. 2020); *see also Vahai v. Gertsch*, 2020 WY 7, ¶ 27, 455 P.3d 1218, 1227 (Wyo. 2020).  "Statutory interpretation is a question of law we review de novo."  *Herrick v. Jackson Hole Airport Bd.*, 2019 WY 118, ¶ 17, 452 P.3d 1276, 1281 (Wyo. 2019) (quoting *Wyoming Jet Ctr., LLC v. Jackson Hole Airport Bd.*, 2019 WY 6, ¶ 11, 432 P.3d 910, 915 (Wyo. 2019)).  "When we interpret statutes, our goal is to give effect to the intent of the legislature, and we 'attempt to determine the legislature's intent based primarily on the plain and ordinary meaning of the words used in the statute.'"  *Wyoming Jet Ctr.*, ¶ 12, 432 P.3d at 915 (quoting *PacifiCorp, Inc. v. Dep't of Revenue, State*, 2017 WY 106, ¶ 10, 401 P.3d 905, 908 (Wyo. 2017)).  "[A] basic tenet of statutory construction is that omission of words from a statute is considered to be an intentional act by the legislature, and this court will not read words into a statute when the legislature has chosen not to include them."  *Adelizzi v. Stratton*, 2010 WY 148, ¶ 11, 243 P.3d 563, 566 (Wyo. 2010) (quoting *Merrill v. Jansma*, 2004 WY 26, ¶ 29, 86 P.3d 270, 285 (Wyo. 2004)).

[¶9]   W.R.Cr.P. 32 does not require an "original signature" or otherwise limit the type of signature.  Generally, a rule of procedure governing the signing and entry of a trial court's judgments and orders "does not require a particular type of signature."  56 Am. Jur. 2d *Motions, Rules, and Orders* § 53, at 85 (2020); 80 C.J.S. *Signatures* § 15, at 885–

---

[1] In *Douglass v. Wyoming Dep't of Transp.*, we considered whether an e-mail began the time for an administrative appeal.  *Douglass v. Wyoming Dep't of Transp.*, 2008 WY 77, ¶ 19, 187 P.3d 850, 854–55 (Wyo. 2008).  We determined the full content of the e-mail did not indicate it was a final decision and further negotiations had occurred.  We did not, however, question the validity of the e-mail as a proper form of a final decision.

86 (2010) ("In the absence of a statute prescribing the method of affixing a signature, it may be affixed in many different ways."). The Kentucky courts have considered the issue in two civil cases and determined that a digital signature which includes the printed name of the judge, a notation that the order was "digitally signed by" the judge, the judge's e-mail address, a statement that the judge reviewed the document, and the date and time, is properly signed. *See Wood Estate v. Young*, 590 S.W.3d 265 (Ky. Ct. App. 2019); *McPherson v. Felker*, 393 S.W.3d 40, 40–42 (Ky. Ct. App. 2013). In *Wood Estate*, the court reasoned:

> As the word "signed" is not defined by the civil rule, . . . we interpret the signature requirement as general and inclusive rather than limiting and restrictive. The drafters of [the Kentucky rule] could have required a particular type of signature, but they did not. The signature in question effectively represents the name and authority of the signatory, the court from which that authority derives, the reason for the signature, as well as its date and time. Appellant does not challenge the substantive ruling memorialized by the order, nor assert that the order contains typographical errors or otherwise misrepresents [the judge's] ruling.

*Wood Estate*, 590 S.W.3d at 268; *see also Rainey v. Entergy Gulf States, Inc.*, 2009-572, p. 15–16 (La. 3/16/10); 35 So. 3d 215, 225–26 ("In the absence of a statute prescribing the method of affixing a signature, it may be written by hand, printed, stamped, typewritten, engraved, or by various other means."); *Reno v. Travelers Home & Marine Ins. Co.*, 2002–2637, p. 4 (La. App. 1 Cir. 11/7/03); 867 So. 2d 751, 754 ("a printed or typed 'signature' is sufficient, provided that the signature was authorized and intended to constitute the signature" (citing *Commerce Loan v. Howard*, 82 So. 2d 487, 488 (La. Ct. App. 1955))); *Fleming v. JE Merit Constructors, Inc.*, 2007-0926, p. 11 (La. App. 1 Cir. 3/19/08); 985 So. 2d 141, 147.

[¶10] We find the reasoning of these cases persuasive. The docket sheet reflects that the trial court judge e-mailed the § 301 deferral order to the district court clerk on February 28. It was then printed, filed by the clerk on February 28, and a copy was mailed to Ms. Raczon's attorney. *See* W.R.Cr.P. 32(c)(2). There is no dispute that the judge's signature was authentic; the order conformed to the rules and was identical to the later-filed original; or that the e-mail order was sent to the attorneys of record.

[¶11] Under W.R.A.P. 2.01(a), a notice of appeal is timely if filed with the clerk of the trial court "within 30 days from entry of the appealable order . . . ." W.R.A.P. 2.01(a); *see also Ramsdell v. State*, 2006 WY 159, ¶ 15, 149 P.3d 459, 462 (Wyo. 2006). W.R.A.P. 2.03(b) states: "The time for [a criminal] appeal commences to run and is to be computed from the latest of the following dates: entry of an order denying any such

motion, the time any such motion is deemed denied, or *entry of judgment*." (Emphasis added.) Rule 1 of the Wyoming Rules of Criminal Procedure provides: "In the event that a procedure is not established by these rules, the Wyoming Rules of Civil Procedure shall govern." W.R.Cr.P. 1(a). There is no criminal procedural rule defining the entry of judgment. Therefore, we turn to our rules of civil procedure, which state: "A judgment or final order shall be deemed to be entered whenever a form of such judgment or final order pursuant to these rules is filed in the office of the clerk of court in which the case is pending." W.R.C.P. 58(c). We conclude the final order was properly entered on February 28, 2020. The thirty-day deadline for filing an appeal was March 30, 2020. Ms. Raczon's April 2, 2020 appeal was untimely, divesting this Court of jurisdiction.

[¶12]  Dismissed.