# IN THE SUPREME COURT, STATE OF WYOMING

## 2021 WY 40

### OCTOBER TERM, A.D. 2020

### March 8, 2021

JEFFREY EARL HARRISON,

Appellant
(Defendant),

v.

S-20-0153

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Sweetwater County*
*The Honorable Suzannah G. Robinson, Judge*

*Representing Appellant:*

> *Nathan W. Jeppsen, Law Offices of Nathan W. Jeppsen, APC, Rock Springs, Wyoming. Argument by Mr. Jeppsen.*

*Representing Appellee:*

> *Bridget L. Hill, Attorney General; Jenny L. Craig, Deputy Attorney General; Joshua C. Eames, Senior Assistant Attorney General; Kellsie Jo Singleton, Assistant Attorney General. Argument by Ms. Singleton.*

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Justice.**

[¶1]    Jeffrey Earl Harrison began registering as a sex offender when he learned he was obligated to do so by a change in the statute, about thirteen years after his conviction. Twenty-five years after his conviction, he petitioned the court to be relieved of the duty to register, and the court granted his petition. The Division of Criminal Investigation intervened and moved for relief from the judgment. The district court then held that Mr. Harrison was eligible to petition for relief from the duty to register only if he had been registered for twenty-five years. Mr. Harrison appeals, and we affirm.

## ISSUES

[¶2]    We rephrase the issues:

      I.      Whether the district court erred when it interpreted the statute to require Mr. Harrison to register for twenty-five years before he was eligible for relief.

      II.      Whether the Wyoming Sex Offender Registration Act violates the ex post facto clause of the United States Constitution.

      III.      Whether Mr. Harrison waived his claim the Wyoming Sex Offender Registration Act violates the equal protection clause of the United States Constitution.

## FACTS

[¶3]    Mr. Harrison was convicted of fourth-degree sexual assault in 1994 under Wyo. Stat. Ann. § 6-2-305 (repealed 1997), now codified as third-degree sexual assault. Wyo. Stat. Ann. § 6-2-304(a)(iii) (LexisNexis 2019); 1997 Wyo. Sess. Laws ch. 135, §§ 1-2, at 284-85. He was not required to register under the Wyoming Sex Offender Registration Act (WSORA) at the time of his conviction because the victim was older than sixteen. Wyo. Stat. Ann. §§ 7-19-301(a)(iv); -302(a) (Michie 1995). In 2007, the legislature amended WSORA to require a person convicted of third-degree sexual assault to register regardless of the age of the victim. 2007 Wyo. Sess. Laws ch. 160, § 1, at 394-95; Wyo. Stat. Ann. §§ 7-19-301(a)(viii), -302(h) (LexisNexis 2007). The duty to register begins on the date of sentencing and continues for the duration of the offender's life. Wyo. Stat. Ann. § 7-19-304(a) (LexisNexis 2019). However, an offender may become eligible for relief from the duty after registering for a certain number of years, twenty-five in Mr. Harrison's case. Wyo. Stat. Ann. § 7-19-304(a)(ii); § 7-19-302(h).

1

[¶4]   Mr. Harrison began to register in 2009.  In 2019, twenty-five years after his conviction, Mr. Harrison petitioned the district court to be relieved of his duty to register.  The district court granted it, but the Division of Criminal Investigation (DCI) moved to intervene.  DCI filed a motion under W.R.C.P. 60(b)(1) for relief from the order granting Mr. Harrison's petition, on the ground that the district court made a mistake.  DCI explained that because the statute requires registration for twenty-five years, and Mr. Harrison only registered for ten, he did not qualify for relief under Wyo. Stat. Ann. § 7-19-304(a)(ii).  The district court granted both of DCI's motions.

[¶5]   Mr. Harrison filed a motion to alter or amend the order reinstating his duty to register, arguing he became eligible for relief twenty-five years after he was convicted.  The district court denied his motion, and Mr. Harrison appealed.  We affirm.

## DISCUSSION

### I.   The District Court Did Not Err When It Interpreted the Statute to Require Mr. Harrison to Register for at Least Twenty-Five Years

[¶6]   The district court granted DCI's Rule 60(b)(1) motion for relief from judgment on the basis of mistake.  It denied Mr. Harrison's W.R.C.P. 59(e) motion to alter or amend that grant.  We review both decisions for abuse of discretion.  *Gunsch v. State*, 2019 WY 79, ¶ 7, 444 P.3d 1278, 1280 (Wyo. 2019); *Brown v. Jerding*, 2020 WY 123, ¶ 11, 472 P.3d 1038, 1041-42 (Wyo. 2020).  Both decisions are based on the district court's interpretation of Wyo. Stat. Ann. § 7-19-304(a)(ii), which we review de novo.  *MH v. First Jud. Dist. Ct. of Laramie Cnty.*, 2020 WY 72, ¶ 4, 465 P.3d 405, 407 (Wyo. 2020) (citing *Herrick v. Jackson Hole Airport Bd.*, 2019 WY 118, ¶ 17, 452 P.3d 1276, 1281 (Wyo. 2019)).

[¶7]   The goal of statutory interpretation is to "give effect to the intent of the legislature . . . primarily on the plain and ordinary meaning of the words used in the statute."  *Raczon v. State*, 2021 WY 12, ¶ 8, 479 P.3d 749, 751 (Wyo. 2021) (citations omitted).  "A basic tenet of statutory construction is that omission of words from a statute is considered to be an intentional act by the legislature, and this court will not read words into a statute when the legislature has chosen not to include them."  *Id.* (quoting *Adelizzi v. Stratton*, 2010 WY 148, ¶ 11, 243 P.3d 563, 566 (Wyo. 2010) (alteration omitted)).  "Each word of a statute is to be afforded meaning, with none rendered superfluous."  *Mattheis Co. v. Town of Jackson*, 2019 WY 78, ¶ 16, 444 P.3d 1268, 1274 (Wyo. 2019) (quoting *In re JB*, 2017 WY 26, ¶ 16, 390 P.3d 357, 361 (Wyo. 2017)).

[¶8]   Under the statute, a sex offender in Mr. Harrison's position, "who has been registered for at least twenty-five (25) years, exclusive of periods of confinement and periods in which the offender was not registered as required by law, may petition the

district court . . . to be relieved of the duty to continue to register[.]" Wyo. Stat. Ann. § 7-19-304(a)(ii). It is undisputed Mr. Harrison was not required to register from 1994, the date of his conviction, until 2007, when the legislature expanded the classes of sex offenders to whom the WSORA should apply. Mr. Harrison admits the legislature did not specifically address such periods in the statute. However, he contends the enumeration of periods to be excluded from the twenty-five year registration requirement is "indicative of the legislature[']s intent to count periods of time after sentencing where the offender was not required to register." The statute does not say twenty-five years of registration shall include periods in which the offender was not required to register by law, and we may not read words into the statute to find that it does. *Raczon*, 2021 WY 12, ¶ 8, 479 P.3d at 751. Nor may we read words out of the statute. *Mattheis*, 2019 WY 78, ¶ 16, 444 P.3d at 1274. The statute applies to a sex offender "who has been *registered for at least* twenty-five (25) years." Wyo. Stat. Ann. § 7-19-304(a)(ii) (emphasis added). If we conclude Mr. Harrison ceased to have a duty to register twenty-five years after his conviction, we read the words "registered for at least" out of the statute. The clear language of the statute requires Mr. Harrison to "ha[ve] been registered for at least twenty-five (25) years" before he is eligible to petition for relief. *Id.* He has not met that requirement.

[¶9] Mr. Harrison claims this issue was before the Court in *State, Off. of Att'y Gen., Div. of Crim. Investigation v. Thomason*, 2008 WY 143, ¶ 6, 197 P.3d 144, 146 (Wyo. 2008). He cites *Thomason* for the proposition that he is to be credited for the years he was free of the registration requirement because in that case, which involved similar facts, DCI did not raise the issue of the period between Mr. Thomason's conviction in 1997 and 2007, when he became obligated to register as a sex offender. *Id.* at ¶ 3, 197 P.3d at 144-45. The issue in that case was whether Mr. Thomason was subject to the ten-year registration requirement of Wyo. Stat. Ann. § 7-19-304(a)(i), or the twenty-five-year registration requirement under Wyo. Stat. Ann. § 7-19-304(a)(ii). *Thomason*, 2008 WY 143, ¶¶ 7, 12, 197 P.3d at 146, 147. We did not discuss what periods were included or excluded in the twenty-five year registration requirement, therefore *Thomason* is not instructive. By the plain language of the statute, Mr. Harrison must *register* for at least twenty-five years. The district court correctly interpreted the statute and did not abuse its discretion by granting DCI's motion and denying his.

## II. *The Wyoming Sex Offender Registration Act Does Not Violate the Ex Post Facto Clause of the United States Constitution*

[¶10] Mr. Harrison next argues the duty to register for twenty-five years, as applied to him, is an ex post facto punishment and is therefore unconstitutional. Yet, we have already held WSORA is not an ex post facto punishment, and Mr. Harrison does not challenge that holding with distinguishing facts or cogent legal argument.

[¶11]   "The question of whether a statute is constitutional is a question of law over which this Court exercises *de novo* review." *Sheesley v. State*, 2019 WY 32, ¶ 3, 437 P.3d 830, 833 (Wyo. 2019) (quoting *Vaughn v. State*, 2017 WY 29, ¶ 7, 391 P.3d 1086, 1091 (Wyo. 2017)).   We presume statutes are constitutional, "and we resolve any doubt in favor of constitutionality." *Dugan v. State*, 2019 WY 112, ¶ 87, 451 P.3d 731, 756 (Wyo. 2019), *cert. denied*, 140 S.Ct. 1298, 206 L.Ed.2d 377 (2020) (quoting *Sheesley*, 2019 WY 32, ¶ 3, 437 P.3d at 833).   Article 1, § 10 of the United States Constitution prohibits the passage of laws which make the punishment for a crime more burdensome after the crime has been committed. *Kammerer v. State*, 2014 WY 50, ¶ 9, 322 P.3d 827, 831 (Wyo. 2014) (citing *Smith v. State*, 2009 WY 2, ¶ 55, 199 P.3d 1052, 1068 (Wyo. 2009)).   The prohibition applies only to laws that impose penalties. *Kammerer*, 2014 WY 50, ¶ 9, 322 P.3d at 831 (citing *Snyder v. State*, 912 P.2d 1127, 1130 (Wyo. 1996)).

[¶12]   We held in *Kammerer*, the purpose of the WSORA is not to punish, but to facilitate law enforcement and protection of children, and therefore it does not implicate the ex post facto clause of the United States Constitution.  2014 WY 50, ¶ 16, 322 P.3d at 833 (citing *Snyder*, 912 P.2d at 1131).   Mr. Harrison states he is not attempting to relitigate the general constitutionality of WSORA.   He contends the 2007 amendment, by imposing an "additional" twenty-five year registration requirement on persons previously convicted and sentenced for misdemeanor sexual assault in the fourth-degree, is an ex post facto punishment.   He fails to acknowledge that *Kammerer*, which was decided after WSORA was amended, is controlling law, and WSORA has not been amended since. 2011 Wyo. Sess. Laws ch. 179, § 1 (eff. July 1, 2011); Wyo. Stat. Ann. § 7-19-304.

[¶13]   He argues his case presents a "factual circumstance entirely distinguishable from this Court's previous rulings."   We disagree because his circumstances are indistinguishable from *Kammerer*.   Shortly after the legislature enacted WSORA, this Court determined the Act did not violate the ex post facto clause of the United States Constitution. *Snyder*, 912 P.2d 1127.   Several amendments later, Mr. Kammerer brought a new ex post facto challenge claiming the amendments "tip[ped] the scale and ma[d]e the current version of WSORA more punitive." *Kammerer*, 2014 WY 50, ¶¶ 9, 11, 322 P.3d at 831-32.   Mr. Kammerer had pled guilty to second-degree sexual assault in New Jersey in 1993. *Id.* at ¶ 3, 322 P.3d at 830.   He moved to Wyoming and, in 2012, the State charged him with failure to register under the Act. *Id.*   After a thorough analysis, we affirmed *Snyder* and held the current version of WSORA did not violate the ex post facto clause of the United States Constitution because it only imposed a regulatory burden on sex offenders, and the burden did not have a punitive effect. *Id.* at ¶¶ 19, 32, 322 P.3d at 834, 839.   Mr. Harrison and Mr. Kammerer both became subject to the registration requirement many years after the commission of their crimes.   Because he does not distinguish his case, and he makes no argument for overruling *Kammerer*, Mr. Harrison's argument fails, and we will not reproduce *Kammerer*'s lengthy ex post facto analysis.

***III.    Mr. Harrison Waived His Claim WSORA Violates His Right to Equal Protection***

[¶14]  Mr. Harrison argues Wyo. Stat. Ann. § 7-19-304(a)(ii), as applied to him, violates his constitutional right to equal protection because the statute "impose[s] an additional 14 years of the onerous burden of registration" despite Mr. Harrison's satisfaction of the other qualifications, such as maintaining a clean record for twenty-five years, while those who committed similar crimes after 2007 are not so burdened.  The State contends Mr. Harrison waived this argument because he makes it for the first time on appeal.

[¶15]  "This Court strongly adheres to the rule that it will not address issues that were not properly raised before the district court."  *Four B Properties, LLC v. Nature Conservancy*, 2020 WY 24, ¶ 69, 458 P.3d 832, 849 (Wyo. 2020) (quotation marks omitted) (citing *Courtenay C. & Lucy Patten Davis Found. v. Colorado State Univ. Rsch. Found.*, 2014 WY 32, ¶ 36, 320 P.3d 1115, 1126 (Wyo. 2014); *Davis v. City of Cheyenne*, 2004 WY 43, ¶ 26, 88 P.3d 481, 490 (Wyo. 2004)).  "We recognize only two exceptions to that rule: when the issue raises jurisdictional questions or it is of such a fundamental nature that it must be considered."  *Four B Properties*, 2020 WY 24, ¶ 69, 458 P.3d at 849 (quoting *Davis*, 2004 WY 43, ¶ 26, 88 P.3d at 490).  Mr. Harrison's equal protection claim is neither jurisdictional, nor is it based in an issue of "a fundamental nature," therefore we will not review it.  *Davis v. State*, 2018 WY 40, ¶ 34, 415 P.3d 666, 678 (Wyo. 2018) (citing *Crofts v. State ex rel. Dep't of Game & Fish*, 2016 WY 4, ¶ 24, 367 P.3d 619, 625 (Wyo. 2016) (newly raised constitutional questions do not necessarily compel review)).

***CONCLUSION***

[¶16]  The district court did not err when it interpreted the WSORA to require Mr. Harrison to register as a sex offender for twenty-five years, despite the late onset of his obligation.  He has not convinced this Court to overturn our holding that the WSORA is not an ex post facto punishment, and he failed to raise a timely or cogent claim that the WSORA violates his constitutional right to equal protection.  Affirmed.