# IN THE SUPREME COURT, STATE OF WYOMING

# 2022 WY 15

### OCTOBER TERM, A.D. 2021

### January 31, 2022

IN THE MATTER OF U.S. CURRENCY
TOTALING $14,245.00:

ELIAS OROSCO,

Appellant
(Claimant),

v.

THE STATE OF WYOMING,

Appellee
(Plaintiff).

S-21-0152

*Appeal from the District Court of Carbon County*
*The Honorable Dawnessa A. Snyder, Judge*

*Representing Appellant:*
> *Clark D. Stith, Clark Stith Attorney, Rock Springs, Wyoming. Argument by Mr. Stith.*

*Representing Appellee:*
> *Bridget L. Hill, Attorney General; Jenny L. Craig, Deputy Attorney General; Joshua C. Eames, Senior Assistant Attorney General; Donovan Burton, Assistant Attorney General. Argument by Mr. Burton.*

*Before FOX, C.J., and DAVIS\*, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

*\*Justice Davis retired from judicial office effective January 16, 2022, and, pursuant to Article 5, § 5 of the Wyoming Constitution and Wyo. Stat. Ann. § 5-1-106(f) (LexisNexis 2021), he was reassigned to act on this matter on January 18, 2022.*

NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**FOX, Chief Justice.**

[¶1]    The State filed a complaint in district court seeking the forfeiture of currency it seized from Elias Orosco, and Mr. Orosco moved to dismiss for lack of subject matter jurisdiction. He asserted that, because the amount of the currency was less than $50,000, the circuit court had exclusive jurisdiction over the action. The district court found that the forfeiture statute vested exclusive jurisdiction in district courts and thus denied the motion. The parties thereafter stipulated to entry of judgment in favor of the State, subject to Mr. Orosco's right to appeal the court's denial of his motion to dismiss. We affirm, but on a basis different from that of the district court.

## ISSUE

[¶2]    The sole issue in this appeal is whether the district court had subject matter jurisdiction over the State's forfeiture complaint even though the amount at issue was less than the monetary threshold for district court jurisdiction.

## FACTS

[¶3]    On October 24, 2019, Mr. Orosco was driving west on Interstate 80 in Carbon County, Wyoming when Trooper Russell of the Wyoming Highway Patrol stopped him for failing to maintain his lane. Mr. Orosco was the driver and sole occupant of his vehicle, a 2020 Dodge Caravan. When Trooper Russell asked him about his travel plans, he stated that he was traveling from Denver to California, but he could not provide specific travel plans. Trooper Russell also observed that there was no clothing or luggage in the vehicle, which he found inconsistent with interstate travel. Based on these observations, Trooper Russell requested permission to search the vehicle, and Mr. Orosco consented.

[¶4]    A second trooper arrived to assist with the search of the vehicle. They detected the odor of marijuana in the vehicle's interior and found three stacks of United States currency bundled with rubber bands in the jack compartment toward the rear of the vehicle. The vehicle was then towed to a Wyoming Department of Transportation facility for a further search. While at the facility, Trooper Russell deployed his K9 to conduct a free-air sniff of the currency, and it alerted to the presence of a controlled substance. The State applied for and was granted a warrant to seize the currency, which totaled $14,245, and it thereafter converted the currency to a cashier's check.

[¶5]    On February 13, 2020, the State filed a complaint against the currency seeking to forfeit it to the State and to terminate any interest that Mr. Orosco, or any other claimant, might claim in it. Mr. Orosco defaulted but timely moved to set aside the entry of default. In the same motion, he moved to dismiss the complaint for lack of subject matter jurisdiction, claiming that because the amount in controversy was less than $50,000, the

1

circuit court had exclusive jurisdiction. The district court set aside the entry of default but denied Mr. Orosco's motion to dismiss. As to the motion to dismiss, the court stated:

> This court has exclusive jurisdiction in this matter. Wyoming Statute § 35-7-1049 states, in relevant part:
>
> . . .
>
> (b)     Property subject to forfeiture under this act may be seized by any law enforcement officer of the state upon process issued **by any district court** or district court commissioner having jurisdiction over the property.
>
> W.S. § 35-7-1049 (West).

(Emphasis in original).

[¶6]   On May 10, 2021, the parties filed a stipulation for entry of judgment, subject to Mr. Orosco's right to appeal the district court's denial of his motion to dismiss. The court thereafter entered judgment, and Mr. Orosco timely appealed to this Court.

## STANDARD OF REVIEW

[¶7]   "We review whether a court has jurisdiction over a case de novo." *Interest of RR*, 2021 WY 85, ¶ 53, 492 P.3d 246, 261 (Wyo. 2021) (quoting *Interest of BG*, 2019 WY 116, ¶ 6, 451 P.3d 1161, 1163 (Wyo. 2019)). This appeal also presents questions of statutory interpretation, which are questions of law that we consider de novo. *Matter of Adoption of ATWS*, 2021 WY 62, ¶ 8, 486 P.3d 158, 160 (Wyo. 2021) (citing *Matter of Adoption of MAJB*, 2020 WY 157, ¶¶ 9, 13, 478 P.3d 196, 200-01 (Wyo. 2020)).

## DISCUSSION

[¶8]   The question in this case is whether the district court or circuit court has subject matter jurisdiction over a civil forfeiture action where the object of the forfeiture action is valued at less than $50,000. Which court has jurisdiction is of course critical. We have said:

> The notion that a court must have subject matter jurisdiction before it can act upon a matter is fundamental to the operation of our judicial system. It is well established that a "judgment may properly be rendered against a party only if the court has authority to adjudicate the type of controversy

2

involved in the action." Restatement (Second) of Judgments § 11, at 108 (1982); *see also Granite Springs Retreat Ass'n v. Manning*, 2006 WY 60, ¶ 5, 133 P.3d 1005, 1009 (Wyo. 2006). As we have explained, "[s]ubject matter jurisdiction is essential to the exercise of judicial power. If a court does not have subject matter jurisdiction, 'it lacks any authority to proceed, and any decision, judgment, or other order is, as a matter of law, utterly void and of no effect for any purpose.'" *State Farm Mut. Auto. Ins. Co. v. Kunz*, 2008 WY 71, ¶ 6, 186 P.3d 378, 380 (Wyo. 2008) (citations omitted); *see also Mut. of Omaha Ins. Co. v. Blury–Losolla*, 952 P.2d 1117, 1119 (Wyo. 1998); *United Mine Workers of America Local 1972 v. Decker Coal Co.*, 774 P.2d 1274, 1283-84 (Wyo. 1989).

*Best v. Best*, 2015 WY 133, ¶ 10, 357 P.3d 1149, 1152 (Wyo. 2015); *see also MH v. First Jud. Dist. Ct. of Laramie Cnty.*, 2020 WY 72, ¶ 5, 465 P.3d 405, 407 (Wyo. 2020) ("If a court lacks subject matter jurisdiction, 'action taken by that court, other than dismissing the case, is considered to be null and void.'") (quoting *Devon Energy Prod. Co., LP v. Grayson Mill Operating, LLC*, 2020 WY 28, ¶ 11, 458 P.3d 1201, 1205 (Wyo. 2020)).

[¶9]    Wyoming courts derive their jurisdiction from the Wyoming Constitution and from statutes enacted by the Wyoming legislature. *Woodie v. Whitesell*, 2019 WY 115, ¶ 9, 451 P.3d 1152, 1155 (Wyo. 2019) (citing *Best*, 2015 WY 133, ¶ 11, 357 P.3d at 1152). The constitution vests judicial power in the "supreme court, district courts, and such subordinate courts as the legislature may, by general law, establish and ordain from time to time." Wyo. Const. art. 5, § 1. It grants district courts broad "original jurisdiction 'in all cases and of all proceedings,' except those placed within the exclusive jurisdiction of another court." *MH*, 2020 WY 72, ¶ 8, 465 P.3d at 408 (quoting Wyo. Const. art. 5, § 10). "[I]n construing the subject matter jurisdiction of district courts, we presume that jurisdiction exists and any intent to limit it must be clearly stated." *MH*, 2020 WY 72, ¶ 5, 465 P.3d at 407 (citing *Harmon v. Star Valley Med. Ctr.*, 2014 WY 90, ¶ 48, 331 P.3d 1174, 1188 (Wyo. 2014)).

[¶10]  Circuit courts are statutorily created and have only limited original jurisdiction as provided by statute. Wyo. Stat. Ann. § 5-9-102(a) (LexisNexis 2021); *Best*, 2015 WY 133, ¶ 12, 357 P.3d at 1152. In contrast to our presumption in favor of district court jurisdiction, circuit court jurisdiction is strictly construed. *Brown v. State*, 2017 WY 45, ¶ 25, 393 P.3d 1265, 1275 (Wyo. 2017)).

[¶11]  The district court found, and the State argues, that the forfeiture statute grants exclusive jurisdiction over forfeiture proceedings to district courts. Alternatively, the State contends that the proceedings fall within the broad general jurisdiction of district

courts. Mr. Orosco contends that circuit courts have exclusive jurisdiction under their statutory grant of jurisdiction. We will first address the forfeiture statute, which we conclude does not vest jurisdiction in the district courts. We will then turn to the question of the district court's general jurisdiction.

## I. The Forfeiture Statute Does Not Grant Exclusive Jurisdiction Over Forfeiture Actions to District Courts

[¶12] The district court found that district courts have exclusive jurisdiction over forfeiture actions based on the language of Wyo. Stat. Ann. § 35-7-1049(b) (LexisNexis 2021), which allows the seizure of property "upon process issued by any district court or district court commissioner having jurisdiction over the property." Mr. Orosco argues that the court's reliance on this provision was misplaced because it does not apply to forfeiture proceedings and instead addresses only the authority to seize property. The State concedes that no provision in the forfeiture statute explicitly grants district courts exclusive jurisdiction over forfeiture proceedings, but it contends that given the process for seizing property and applying for its forfeiture and/or destruction, it makes sense that the legislature would have intended the district courts to have exclusive jurisdiction.

[¶13] "When we interpret statutes, our goal is to give effect to the intent of the legislature, and we 'attempt to determine the legislature's intent based primarily on the plain and ordinary meaning of the words used in the statute.'" *EME Wyo., LLC v. BRW East, LLC*, 2021 WY 64, ¶ 23, 486 P.3d 980, 987 (Wyo. 2021) (quoting *Wyo. Jet Center, LLC v. Jackson Hole Airport Bd.*, 2019 WY 6, ¶ 12, 432 P.3d 910, 915 (Wyo. 2019)).

> We therefore construe each statutory provision *in pari materia*, giving effect to every word, clause, and sentence according to their arrangement and connection. To ascertain the meaning of a given law, we also consider all statutes relating to the same subject or having the same general purpose and strive to interpret them harmoniously. We presume that the legislature has acted in a thoughtful and rational manner with full knowledge of existing law, and that it intended new statutory provisions to be read in harmony with existing law and as part of an overall and uniform system of jurisprudence. When the words used convey a specific and obvious meaning, we need not go farther and engage in statutory construction.

*Id*.

[¶14] Based on the forfeiture statute's plain language, we are unable to find a legislative intent to give district courts exclusive jurisdiction over forfeiture actions. The statute

4

specifically designates circuit courts or district courts to act on certain matters, such as the issuance of warrants, the making of probable cause determinations, and the destruction of contraband and paraphernalia. Wyo. Stat. Ann. §§ 35-7-1049(b), (c), (r)(vi). For example, as noted above, subsection (b) provides that "[p]roperty subject to forfeiture under this act may be seized by any law enforcement officer of the state upon process issued by *any district court or district court commissioner having jurisdiction over the property*." Wyo. Stat. Ann. § 35-7-1049(b) (emphasis added). Subsection (c) directs that "[w]ithin thirty (30) days of the seizure, a probable cause hearing shall be held in *circuit court*, in the county where the property was seized," and under subsection (r)(vi), the attorney general may "[a]uthorize any law enforcement officer to apply to *the district court with jurisdiction* for an order providing for destruction of the contraband controlled substances or paraphernalia." Wyo. Stat. Ann. § 35-7-1049(c), (r)(vi) (emphasis added).

[¶15]  On the other hand, the forfeiture statute refers only generally to "the court having jurisdiction," in its provision governing forfeiture proceedings themselves.

> (d)  In the event of seizure pursuant to subsection (b) of this section, no action for the forfeiture of property pursuant to this section shall be instituted unless it is brought within one hundred twenty (120) days from the date of seizure or within thirty (30) days following the completion of any criminal prosecution relating to the seizure, whichever is later. All forfeiture proceedings or actions shall be brought by the commissioner.
>
> (e)  Property taken or detained under this section shall not be subject to replevin, but is deemed to be in the custody of the commissioner *subject only to the orders and decrees of the court having jurisdiction over the proceedings*.

Wyo. Stat. Ann. § 35-7-1049(d), (e) (emphasis added).

[¶16]  "When the legislature specifically uses a word in one place, we will not interpret that word into other places where it was not used." *Wyoming State Hosp. v. Romine*, 2021 WY 47, ¶ 29, 483 P.3d 840, 848 (Wyo. 2021) (quoting *Qwest Corp. v. Pub. Serv. Comm'n of Wyo.*, 2007 WY 97, ¶ 25, 161 P.3d 495, 501 (Wyo. 2007)).  The legislature's designation of specific courts in some subsections of the forfeiture statute shows that it knew how to place jurisdiction in a particular court. It did not do so in the provisions governing forfeiture proceedings, and we are not at liberty to read a grant of exclusive jurisdiction into those provisions. *Id*. ("The use of the term 'malpractice claims' in the Medical Review Panel Act demonstrates the legislature knew how to limit the scope of a statute to malpractice claims. It did not include any such limitation in § 1-39-110 and we

5

are not at liberty to read one into it."); *see also Harrison v. State*, 2021 WY 40, ¶ 7, 482 P.3d 353, 356 (Wyo. 2021) ("A basic tenet of statutory construction is that omission of words from a statute is considered to be an intentional act by the legislature, and this court will not read words into a statute when the legislature has chosen not to include them.").

[¶17] Had the legislature intended to place exclusive jurisdiction over forfeiture proceedings in the district courts, it would have said so. It did not, and therefore the forfeiture statute itself is not a basis for the district court's jurisdiction. In that respect, the forfeiture statute is similar to the Declaratory Judgments Act, which we interpreted in *Best* and concluded, "Wyoming's Declaratory Judgments Act does not create jurisdiction for either the district courts or the circuit courts. Rather, it provides a form of relief that a court within its jurisdiction can provide to parties." *Best*, 2015 WY 133, ¶ 19, 357 P.3d at 1153-54.

[¶18] Likewise, the forfeiture statute provides a form of relief, but it does not create jurisdiction over forfeiture proceedings for either district courts or circuit courts. If jurisdiction is to be found it must be in the limited grant of statutory jurisdiction to circuit courts or in the general jurisdiction of the district courts.

## II.     *Wyo. Stat. Ann. § 5-9-128 Does Not Grant Circuit Courts Jurisdiction Over Civil Forfeiture Proceedings, and District Courts Therefore Have General Jurisdiction Over the Proceedings*

[¶19] The legislative grant of jurisdiction to circuit courts reads in relevant part:

> (a)     Each circuit court has exclusive original civil jurisdiction within the boundaries of the state for:
>
> (i)     An action where the prayer for recovery is an amount not exceeding fifty thousand dollars ($50,000.00), exclusive of court costs;
>
> . . .
>
> (iii)     Actions to foreclose or enforce a lien on or security interest in personal property perfected under the Uniform Commercial Code, W.S. 34.1-1-101 through 34.1-10-104, when the amount claimed on the lien or security interest does not exceed fifty thousand dollars ($50,000.00), exclusive of court costs;
>
> . . .

6

(vi) Actions to foreclose and enforce the following statutory liens only, when the amount claimed on the lien does not exceed fifty thousand dollars ($50,000.00), exclusive of court costs:

(A) Construction liens as provided by W.S. 29-2-101 through 29-2-113;

(B) Liens for labor and materials as provided by W.S. 29-4-101 and 29-4-102;

(C) Liens for labor and services as provided by W.S. 29-5-101 through 29-5-106 and 29-7-101 through 29-7-301; and

(D) Liens for taxes as provided by W.S. 39-15-108(d) and 39-16-108(d).

Wyo. Stat. Ann. § 5-9-128.

[¶20] Mr. Orosco contends that the subsection (a)(i) grant of jurisdiction over actions "where the prayer for recovery is an amount not exceeding fifty thousand dollars," gave the circuit court jurisdiction over this forfeiture proceeding because the currency totaled less than $50,000. The State argues this provision is not applicable because a forfeiture proceeding is not an action that seeks to recover damages. We agree with the State.

[¶21] The forfeiture statute states that "[t]he proceedings and judgment of forfeiture shall be in rem and shall be against the property itself." Wyo. Stat. Ann. § 35-7-1049(q). An in rem proceeding is not one for damages. As one court explained:

Forfeiture actions are civil proceedings. *See Wille v. Karrh*, 423 So.2d 963 (Fla. 4th DCA 1982); § 932.704(2), Fla. Stat. (2001) ("In each judicial circuit, all civil forfeiture cases shall be heard before a circuit court judge of the civil division . . . [and] [t]he Florida Rules of Civil Procedure shall govern. . . ."). However, forfeiture actions are also in rem proceedings. *United States v. Ursery*, 518 U.S. 267, 274-75, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996) (forfeiture proceedings are in rem because it is the property which is proceeded against and, "'by resort to a legal fiction, held guilty and condemned as though it were conscious instead of inanimate and insentient'"); *In re Forfeiture of Fifty Five*

7

*Thousand Forty-Five Dollars in U.S. Currency*, 809 So.2d 105, 106 (Fla. 2d DCA 2002) ("The forfeiture proceeding is a civil, in rem action filed against the property itself."). As an in rem proceeding, a forfeiture action is not a "civil action for damages." *See* Black's Law Dictionary 793 (6th ed. 1990) (explaining that the purpose of an in rem proceeding "is to determine title to or to affect interests in specific property").

*Rosado v. Bieluch*, 827 So.2d 1115, 1117 (Fla. Dist. Ct. App. 2002); *see also People v. Superior Court*, 215 Cal. App. 3d 1411, 1414 (Cal. Ct. App. 1989) ("[T]he forfeiture action is not a suit for money damages . . . ."); *Floyd v. United States*, 860 F.2d 999, 1005 (10th Cir. 1988).

[¶22] Wyo. Stat. Ann. § 5-9-128 reflects both the legislature's understanding of this distinction and its intention to maintain it. While subsection (a)(i) grants circuit court jurisdiction over actions that assert a "prayer for recovery," subsections (a)(iii) and (a)(vi) identify other actions over which the circuit courts have jurisdiction, including actions to enforce liens where the amount of the lien does not exceed $50,000. Actions to enforce liens are in rem proceedings. *Lasich v. Wimpenney*, 278 P.2d 807, 815 (Wyo. 1955) (action to foreclose mechanics lien is proceeding in rem); 51 Am. Jur. 2d *Liens* § 84 (Nov. 2021 update) ("An action to enforce a lien is usually in the form of a foreclosure action, which is considered to be a proceeding in rem or quasi in rem.") (footnotes omitted). Had the legislature intended a "prayer for recovery" to include in rem proceedings, there would have been no need to separately provide jurisdiction over lien foreclosures. Moreover, had the legislature intended to grant jurisdiction over civil forfeiture proceedings to circuit courts, we can assume it also would have included those proceedings in the list of in rem proceedings for which it did grant jurisdiction. *Harrison*, 2021 WY 40, ¶ 7, 482 P.3d at 356 ("[The] omission of words from a statute is considered to be an intentional act by the legislature.").

[¶23] We thus conclude that circuit courts do not have jurisdiction over forfeiture proceedings. The district court had general jurisdiction over this civil forfeiture proceeding. *See MH*, 2020 WY 72, ¶ 8, 465 P.3d at 408 (District courts have "original jurisdiction 'in all cases and of all proceedings,' except those placed within the exclusive jurisdiction of another court.") (quoting Wyo. Const. art. 5, § 10).

[¶24] Affirmed.