# IN THE SUPREME COURT, STATE OF WYOMING

## 2019 WY 106

OCTOBER TERM, A.D. 2019

October 21, 2019

DELCON PARTNERS LLC,

Appellant
(Petitioner),

v.

S-19-0078

WYOMING DEPARTMENT OF REVENUE,

Appellee
(Respondent).

*W.R.A.P. 12.09(b) Certification from the District Court of Teton County*
*The Honorable Timothy C. Day, Judge*

*Representing Appellant:*

*Matthew Kim-Miller, Holland & Hart LLP, Jackson, Wyoming. Argument by Mr. Kim-Miller.*

*Representing Appellee:*

*Bridget Hill, Attorney General; Brandi Monger, Deputy Attorney General; Karl Anderson, Senior Assistant Attorney General; Andrew Kuhlmann, Senior Assistant Attorney General. Argument by Mr. Anderson.*

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**FOX, Justice.**

[¶1]    Delcon Partners, LLC (Delcon) purchased 28% of Delcon, Inc.'s [1] (Seller's) tangible and intangible assets.  The Department of Revenue (Department) determined the transaction was not exempt from sales tax because Delcon did not purchase at least 80% of the total value of Seller's assets, which included cash and accounts receivable.  Delcon appealed to the Wyoming Board of Equalization (Board), arguing that it made no sense to transfer cash and accounts receivable in a business purchase.  The Board affirmed the Department's determination, and the district court certified the case to this Court.  We affirm.

## *ISSUE*

[¶2]    Is Delcon's purchase of less than 80% of Seller's assets excluded from the definition of "sale" under Wyo. Stat. Ann. § 39-15-101(a)(vii)(N) and, thus, exempt from sales tax?

## *FACTS*

[¶3]    Delcon purchased assets valued at $1,150,000 from Seller, an HVAC services business.  Delcon did not purchase any of Seller's cash, checking and savings accounts, accounts receivable, promissory notes, "or other amounts owing to Seller" for work done prior to the closing.  The total value of cash and accounts receivable excluded from the sale was $3,010,602.  The parties agreed that Delcon purchased 28% of Seller's "assets" and "intangible value."

[¶4]    Delcon requested that the Department review the transaction to determine whether Wyo. Stat. Ann. § 39-15-101(a)(vii)(N) excluded it from the definition of sale, exempting it from sales tax.  The section excludes from the definition of "sale":

> (a)(vii) . . . an exchange or transfer of tangible personal property upon which the seller . . . has directly or indirectly paid sales or use tax incidental to:
>
> . . .
>
> (N) The sale of a business entity when sold to a purchaser of all or not less than eighty percent (80%) of the value of all of the assets which are located in this state of the business entity when the purchaser continues to use the tangible personal property in the operation of an ongoing business entity in this state. . . .

---

[1] Despite their similar names, Delcon and Seller are unrelated entities.

1

Wyo. Stat. Ann. § 39-15-101(a)(vii)(N) (LexisNexis 2019). The Department determined Wyo. Stat. Ann. § 39-15-101(a)(vii)(N) only applies where at least 80% "of the value of all of the assets [of the business entity] which are located in this state" are purchased. Because Delcon had only purchased 28% of Seller's assets, the Department concluded the transaction was a "sale" subject to taxation.

[¶5]    Delcon appealed to the Board, arguing: 1) that sales tax should only apply to retail sales of tangible personal property; 2) that Wyo. Stat. Ann. § 39-15-101(a)(vii)(N) is ambiguous because its language suggests it only applies to sales of equity in a business entity, but its purpose "is to allow parties to engage in asset sales"; and 3) that cash and receivables should not be considered "in evaluating the applicability of sales tax or the 80% Value Exemption" because "a contrary interpretation induces a number of harmful distortions into the Wyoming transactional market, in violation of the sales tax statute's clear policies." The Board affirmed the Department's determination, concluding the plain language of Wyo. Stat. Ann. § 39-15-101(a)(vii)(N) "clearly requires a purchaser to buy at least 80% of all of the seller's assets in Wyoming[.]"

[¶6]    Delcon petitioned for judicial review, and the parties jointly moved for an order certifying the petition to this Court. The district court granted the motion, and we accepted the certified case.

## STANDARD OF REVIEW

[¶7]    We apply the standards set forth in Wyo. Stat. Ann. § 16-3-114(c) when reviewing an agency decision certified to this Court under W.R.A.P. 12.09(b). *Wyodak Res. Dev. Corp. v. Wyo. Dep't of Revenue*, 2017 WY 6, ¶ 14, 387 P.3d 725, 729 (Wyo. 2017). "We review an agency's conclusions of law *de novo* and affirm when they are in accordance with the law." *Id.* at ¶ 15, 387 P.3d at 730. We do not afford any deference to an agency's determination on a question of law and will correct any errors made in interpreting or applying the law. *Camacho v. State ex rel. Dep't of Workforce Servs., Workers' Comp. Div.*, 2019 WY 92, ¶ 17, 448 P.3d 834, 840-41 (Wyo. 2019) (citing *Bailey v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2010 WY 152, ¶ 9, 243 P.3d 953, 956 (Wyo. 2010)). The issue of whether this transaction is exempt from sales tax requires us to interpret Wyo. Stat. Ann. § 39-15-101(a)(vii)(N). Statutory interpretation is a question of law subject to de novo review. *Camacho*, 2019 WY 92, ¶ 17, 448 P.3d at 841.

## DISCUSSION

[¶8] Delcon argues "the 80% Sale Exemption [at Wyo. Stat. Ann. § 39-15-101(a)(vii)(N)] should be interpreted to apply to the Delcon-Seller transaction" because "there is no logical result or reason" to require buyers to purchase cash. First, it asserts the exemption is meaningless if interpreted literally, rendering it ambiguous. It contends a

2

better interpretation of the statute would exempt non-retail sales of substantially all of a seller's tangible assets when the buyer intends to continue to operate a business with those assets. It argues the Department's interpretation of Wyo. Stat. Ann. § 39-15-101(a)(vii)(N) introduces unnecessary and harmful distortions to transactions because it needlessly requires buyers to purchase cash. Finally, it argues buyers and sellers can circumvent the statute's requirements with creative lawyering, so those requirements should be disregarded to avoid "exalt[ing] form over substance." The Department responds that Wyo. Stat. Ann. § 39-15-101(a)(vii)(N) is unambiguous and does not exempt this transaction from sales tax. It urges us to disregard "Delcon's policy arguments about what words it prefers in the statute" because they "do not change the language the Legislature actually enacted."

[¶9] Delcon may be making a credible policy argument. Our role, however, is not to determine whether the legislature's chosen policy is the best one; it is to give effect to the one it chose. Our primary objective in interpreting statutes is to give effect to the legislature's intent. *Mattheis Co. v. Town of Jackson*, 2019 WY 78, ¶ 14, 444 P.3d 1268, 1273 (Wyo. 2019). The best evidence of the legislature's intent is the plain and ordinary meaning of the words used in the statute. *Id.* (citing *Rhoads v. State*, 2018 WY 143, ¶ 9, 431 P.3d 1130, 1133 (Wyo. 2018)); *In re Britain*, 2018 WY 101, ¶ 15, 425 P.3d 978, 983 (Wyo. 2018) ("We seek the legislature's intent 'as reflected in the plain and ordinary meaning of the words used in the statute.'") (quoting *TW v. State*, 2017 WY 26, ¶ 12, 390 P.3d 357, 360 (Wyo. 2017)); *Brock v. State ex rel. Wyo. Workforce Servs., Unemp't Ins. Div.*, 2017 WY 47, ¶ 8, 394 P.3d 460, 462 (Wyo. 2017) ("Our paramount consideration is the legislature's intent as reflected in the plain and ordinary meaning of the words used in the statute.") (quoting *Spreeman v. State*, 2012 WY 88, ¶ 10, 278 P.3d 1159, 1162 (Wyo. 2012)). Section 39-15-101(a)(vii)(N) plainly states that only purchases of "all or not less than eighty percent (80%) of the value *of all of the assets* which are located in this state" are excluded from the definition of sale and, thus, exempt from sales tax. (Emphasis added.)

[¶10] Delcon does not dispute that cash and accounts qualify as assets or that it did not purchase 80% of the value of all of Seller's assets. Instead, it urges us to interpret section 39-15-101(a)(vii)(N) to require only a purchase of 80% of a seller's *tangible personal property*, rather than 80% of its total Wyoming assets. But section 39-15-101(a)(vii)(N) does not differentiate between tangible and intangible assets. "We will not add that language in the guise of statutory interpretation. 'This Court is not at liberty to add words to a statute that the legislature chose to omit.'" *Int'l Ass'n of Fire Fighters Local Union No. 5058 v. Gillette/Wright/Campbell Cty. Fire Prot. Joint Powers Bd.*, 2018 WY 75, ¶ 33, 421 P.3d 1059, 1067 (Wyo. 2018) (quoting *Wyodak Res. Dev. Corp.*, 2017 WY 6, ¶ 31, 387 P.3d at 733). While not entirely illogical, Delcon's argument ignores that

> [C]ourts are not free to legislate. The first rule of statutory construction is that legislative intent, not a court's perception

3

of fairness, controls. It is not the court's prerogative to usurp the power of the legislature by deciding what should have been said. The courts must follow, and cannot extend, statutory definitions. For over a century, courts in Wyoming have recognized that it is their duty only to interpret and declare what the law is, not to be responsible for its defects. And of specific importance to the instant case is the precept that exceptions not made by the legislature in a statute cannot be read into it.

*Seherr-Thoss v. Teton Cty. Bd. of Cty. Comm'rs*, 2014 WY 82, ¶ 20, 329 P.3d 936, 945 (Wyo. 2014) (quoting *Scott v. Scott*, 918 P.2d 198, 200 (Wyo. 1996)). Any perceived defect in the tax code must be taken up with the legislature.

[¶11] Delcon attempts to persuade us that interfering with the legislature's chosen policy is warranted by arguing that Wyo. Stat. Ann. § 39-15-101(a)(vii)(N) is ambiguous. "[A] statute is ambiguous if it is found to be vague or uncertain and subject to varying interpretations." *In re Frank*, 2019 WY 4, ¶ 8, 432 P.3d 885, 887 (Wyo. 2019) (quoting *In re Meyer*, 2016 WY 6, ¶ 17, 367 P.3d 629, 634 (Wyo. 2016)). Delcon asserts the statute contains an irreconcilable conflict because it conflates the sale of a business entity with the sale of a business entity's assets. According to Delcon, the "sale of a business entity" language in section 39-15-101(a)(vii)(N) means "the exemption can only apply to a sale of equity in a business entity," such as "stock, membership interests, partnership interests, etc." Because sales of such equity interests are not generally subject to sales tax, Delcon claims the exemption is "hollow" unless applied to the sale of a business entity's assets. But section 39-15-101(a)(vii)(N), by its own terms, can be applied in a way that does not produce a "hollow" result. As Delcon acknowledges, the exemption has effect if applied to the sale of a business entity's assets. "[W]e will not interpret a statute in a way that renders any portion meaningless or in a manner producing absurd results." *City of Casper v. Holloway*, 2015 WY 93, ¶ 20, 354 P.3d 65, 71 (Wyo. 2015) (quoting *Stutzman v. Office of Wyo. State Eng'r*, 2006 WY 30, ¶ 16, 130 P.3d 470, 475 (Wyo. 2006)). We also will "not give a statute a meaning that will nullify its operation if it is susceptible of another interpretation." *Wyo. Guardianship Corp. v. Wyo. State Hosp.*, 2018 WY 114, ¶ 12 n.5, 428 P.3d 424, 431 n.5 (Wyo. 2018) (quoting *In Interest of ECH*, 2018 WY 83, ¶ 24, 423 P.3d 295, 303 (Wyo. 2018)). The statute plainly conditions exclusion from the definition of "sale" on the purchase of at least 80% of the value of all of a business entity's assets located in Wyoming. That did not happen here. Thus, the Department correctly concluded the Delcon-Seller transaction is not excluded from the definition of "sale" under Wyo. Stat. Ann. § 39-15-101(a)(vii)(N) and is subject to sales tax.

[¶12] Affirmed.