# IN THE SUPREME COURT, STATE OF WYOMING

# 2022 WY 16

OCTOBER TERM, A.D. 2021

January 31, 2022

ROBERT CHARLES ROSEN,

Petitioner,

v.

S-21-0080

THE STATE OF WYOMING,

Respondent.

*Original Proceeding*
*Petition for Writ of Review*
*District Court of Teton County*
*The Honorable Marvin L. Tyler, Judge*

*Representing Petitioner:*
> Devon W. Petersen, Fleener Petersen Law, Laramie, Wyoming. Argument by Mr. Petersen.

*Representing Respondent:*
> Bridget L. Hill, Attorney General; Jenny L. Craig, Deputy Attorney General; Joshua C. Eames, Senior Assistant Attorney General. Argument by Mr. Eames.

*Before FOX, C.J., and DAVIS\*, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

*\*Justice Davis retired from judicial office effective January 16, 2022, and, pursuant to Article 5, § 5 of the Wyoming Constitution and Wyo. Stat. Ann. § 5-1-106(f) (LexisNexis 2021), he was reassigned to act on this matter on January 18, 2022.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**FOX, Chief Justice.**

[¶1]    Robert Charles Rosen was eighteen years old when the State charged him with third-degree sexual assault and false imprisonment, both of which he allegedly committed when he was seventeen years old. Mr. Rosen moved to transfer his case from district court to juvenile court, and the State objected. It argued that the juvenile court lacked concurrent jurisdiction because Mr. Rosen was an adult when the State filed the charges against him. The court agreed that the juvenile court's jurisdiction depended on Mr. Rosen's age when he was charged, rather than his age when he committed the offense, and it dismissed Mr. Rosen's transfer motion. We reverse.

## ISSUE

[¶2]    The sole issue in this appeal is whether a juvenile court's concurrent jurisdiction under Wyo. Stat. Ann. § 14-6-203(c) depends on an offender's age at the time of the offense or at the time charges are filed.

## FACTS

[¶3]    Mr. Rosen was two months past his seventeenth birthday on January 25, 2019, when, the State alleged, he was in a hot tub with a female friend and touched her breasts and buttocks without her permission and prevented her from leaving the hot tub. Law enforcement learned of the alleged incident on March 4, 2020, and on April 23, 2020, it charged Mr. Rosen with felony third-degree sexual assault and misdemeanor false imprisonment.

[¶4]    On January 22, 2021, before his arraignment in district court, Mr. Rosen moved to transfer his case to juvenile court. The court assigned the matter to the Honorable Marvin L. Tyler for the limited purpose of ruling on Mr. Rosen's transfer motion, and the State then filed its opposition to the motion. The State argued transfer would be improper because the juvenile court could exercise its concurrent jurisdiction only in a criminal case brought against a minor, and Mr. Rosen was not a minor when he was charged.

[¶5]    The district court agreed with the State. It concluded (citations omitted):

> There is no need for judicial interpretation of Wyo. Stat. Ann. § 14-6-203(f)(ii)/(iii). As a matter of law, when the words and phrases are given their plain and ordinary meaning and when each of the Juvenile Justice Act statutes are read together in light of the express specific purposes contained in Wyo. Stat. Ann. § [14-6-201(c)], the legislative intent is apparent, clear, and unambiguous. The Juvenile Justice Act

1

applies only to commencing cases or transferring cases involving a "minor" or a "child."

The plain and ordinary meaning of Wyo. Stat. Ann. § 14-6-203(f)(ii)/(iii) is that "[a]ll misdemeanors" and "[f]elony cases in which the minor has attained the age of seventeen (17) years" "may originally be commenced either in the juvenile court or in the district court or inferior court having jurisdiction" only as long as the individual is a "minor" or "child" at that time. If the individual is not a "minor" or a "child" at that time, the juvenile court lacks concurrent subject matter jurisdiction. If the juvenile court lacks concurrent subject matter jurisdiction, then a motion to transfer must be dismissed.

Since [Mr. Rosen] was "an adult" when the charges were filed, this District Court case is **NOT** within the concurrent subject matter jurisdiction of the Juvenile Court. Accordingly, the Motion, filed after [Mr. Rosen] was "an adult," must be dismissed.

[¶6]     Pursuant to W.R.A.P. 13.02, Mr. Rosen filed a petition for writ of review seeking interlocutory review of the order dismissing his transfer motion. We granted the petition.

### STANDARD OF REVIEW

[¶7]     "We review whether a court has jurisdiction over a case de novo." *Interest of RR*, 2021 WY 85, ¶ 53, 492 P.3d 246, 261 (Wyo. 2021) (quoting *Interest of BG*, 2019 WY 116, ¶ 6, 451 P.3d 1161, 1163 (Wyo. 2019)). This appeal also presents questions of statutory interpretation and construction, which are questions of law that we consider de novo. *Matter of Adoption of ATWS*, 2021 WY 62, ¶ 8, 486 P.3d 158, 160 (Wyo. 2021) (citing *Matter of Adoption of MAJB*, 2020 WY 157, ¶¶ 9, 13, 478 P.3d 196, 200-01 (Wyo. 2020)).

### DISCUSSION

[¶8]     The question in this case is whether a juvenile court's concurrent jurisdiction in a criminal case depends on an offender's age at the time of charging, or his or her age at the time of the criminal offense. Our answer turns on our interpretation of the Juvenile Justice Act's jurisdictional provision, which provides:

(c) Except as provided in subsection (d) of this section, **the juvenile court has concurrent jurisdiction in all cases**

> *. . . in which a minor is alleged to have committed a*
> *criminal offense* or to have violated a municipal ordinance.

Wyo. Stat. Ann. § 14-6-203(c) (LexisNexis 2021) (emphasis added).[1]

[¶9] "When interpreting statutes, we first look to the statute's plain language to determine the legislature's intent and we examine the plain and ordinary meaning of the words to determine whether the statute is ambiguous." *Matter of Adoption of ATWS*, 2021 WY 62, ¶ 9, 486 P.3d at 160 (quoting *Matter of Est. of Frank*, 2019 WY 4, ¶ 7, 432 P.3d 885, 887 (Wyo. 2019)). "A statute is unambiguous if its wording is such that reasonable persons are able to agree as to its meaning with consistency and predictability. A statute is ambiguous only if it is found to be vague or uncertain and subject to varying interpretations." *Vahai v. Gertsch*, 2020 WY 7, ¶ 27, 455 P.3d 1218, 1227 (Wyo. 2020) (quoting *State v. Bannon Energy Corp.*, 999 P.2d 1306, 1308-09 (Wyo. 2000)).

[¶10] The State argues, and the district court found, that the Juvenile Justice Act is unambiguous and that under its plain terms, the juvenile court has jurisdiction only in cases involving one who is a minor at the time of charging. Mr. Rosen does not take a position on whether the Act is ambiguous but contends that, based on the purposes of the Act, the relevant age for determining jurisdiction is plainly the offender's age at the time of the offense. "[D]ivergent opinions among parties as to the meaning of a statute may be evidence of ambiguity but is not conclusive. Ultimately, whether a statute is ambiguous is a matter of law to be determined by the court." *Sinclair Wyo. Ref. Co. v. Infrassure, Ltd.*, 2021 WY 65, ¶ 15, 486 P.3d 990, 995 (Wyo. 2021) (quoting *Wyoming Med. Ctr., Inc. v. Wyoming Ins. Guar. Ass'n*, 2010 WY 21, ¶ 19, 225 P.3d 1061, 1066 (Wyo. 2010)). We conclude that the Act is ambiguous as to whether a juvenile court's concurrent jurisdiction depends on an offender's age at the time of charging, or his or her age at the time of the criminal offense.

[¶11] The disputed provision, section 14-6-203(c), grants a juvenile court jurisdiction over "cases . . . in which a minor is alleged to have committed a criminal offense." The language "in which a minor is alleged" may plausibly be read to describe the case itself— that is, a case brought against a minor. Under that reading, the juvenile court would have jurisdiction only when charges are brought against a person who is a minor at the time of charging. The language may also, however, be read to describe when the person is alleged to have committed the criminal offense—that is, when he or she was a minor. In that case, the court would have jurisdiction if charges were brought against one alleged to have committed a criminal offense as a minor, regardless of his or her age at the time of

---

[1] Section 14-6-203(d) provides for the juvenile court's exclusive jurisdiction in cases "in which a minor who has not attained the age of thirteen (13) years is alleged to have committed a felony or a misdemeanor punishable by imprisonment for more than six (6) months." Wyo. Stat. Ann. § 14-6-203(d).

charging. Given these varying interpretations and their effect on the court's jurisdiction, we conclude that subsection 203(c) is ambiguous.[2]

[¶12]  Because we find the language of section 14-6-203(c) ambiguous, we must apply our rules of statutory construction "to construe any ambiguous language to accurately reflect the intent of the legislature." *Matter of Adoption of MAJB*, 2020 WY 157, ¶ 20, 478 P.3d at 203 (quoting *In re Est. of Meyer*, 2016 WY 6, ¶ 21, 367 P.3d 629, 636 (Wyo. 2016)). To determine the legislature's intent, we must consider statutes relating to the same subject in harmony. *Id*. Additionally, we "must look to the mischief the act was intended to cure, the historical setting surrounding its enactment, the public policy of the state, the conditions of the law and all other prior and contemporaneous facts and circumstances . . . to determine the intention of the lawmaking body." *Id*.

[¶13]  In keeping with our rule that we discern legislative intent by looking to statutes related to the same subject matter, we begin with the legislature's statutory grant of general jurisdiction to juvenile courts. It provides in relevant part:

> (a)    The juvenile court has general jurisdiction in all matters and proceedings commenced therein or transferred to it by order of the district court concerning:
>
> > (i)    Any minor alleged ***to be*** delinquent as defined in W.S. 14-6-201;
> >
> > (ii)    Any minor alleged ***to have*** committed a delinquent act ***before attaining the age of majority***;

---

[2] Other states have specified with greater clarity a juvenile court's jurisdiction when a person who has reached the age of majority is charged with a criminal offense or delinquent act committed as a minor. *See, e.g.*, Ala. Code § 12-15-102(3) (2019) ("Where a delinquency petition alleges that an individual, prior to the individual's 18th birthday, has committed an offense for which there is no statute of limitation pursuant to Section 15-3-5, the term child also shall include the individual subject to the petition, regardless of the age of the individual at the time of filing."); Iowa Code § 232.8.1.a (2019) ("The juvenile court has exclusive original jurisdiction in proceedings concerning a child who is alleged to have committed a delinquent act unless otherwise provided by law, and has exclusive original jurisdiction in proceedings concerning an adult who is alleged to have committed a delinquent act prior to having become an adult, and who has been transferred to the jurisdiction of the juvenile court pursuant to an order under section 803.5."); Mont. Code Ann. § 41-5-203(1) (2021) ("Except as provided in subsection (2) and for cases filed in the district court under 41-5-206, the court has exclusive original jurisdiction of all proceedings under the Montana Youth Court Act in which a youth is alleged to be a delinquent youth or a youth in need of intervention or concerning any person under 21 years of age charged with having violated any law of the state or any ordinance of a city or town other than a traffic or fish and game law prior to having become 18 years of age.").

(iii)     Any minor alleged ***to be*** neglected as defined in W.S. 14-3-402;

(iv)     Any minor alleged ***to be*** in need of supervision as defined in W.S. 14-6-402; [and]

(v)     The parents, guardian or custodian of any minor alleged ***to be*** delinquent, in need of supervision or neglected, and all persons living in the household with the minor[.]

Wyo. Stat. Ann. § 5-8-102 (LexisNexis 2021) (emphasis added).

[¶14]   Subsection 5-8-102(a)(ii) stands out from its surrounding provisions because it is the one provision that does not refer to what a minor is alleged to be. It instead refers to what a minor is alleged to have done, and more particularly, what he or she is alleged to have done before reaching the age of majority. By definition, a "minor" has not reached the age of majority, and therefore any delinquent act a minor commits would have necessarily been committed before he or she reached eighteen. This would make the "before attaining the age of majority" language entirely unnecessary if the offender were required to be a minor at the time of charging. For the "before attaining the age of majority" language to have meaning, the grant of jurisdiction must extend to persons who have attained the age of majority but are charged with acts committed as a minor. *See Harrison v. State*, 2021 WY 40, ¶ 7, 482 P.3d 353, 356 (Wyo. 2021) ("Each word of a statute is to be afforded meaning, with none rendered superfluous.") (quoting *Mattheis Co. v. Town of Jackson*, 2019 WY 78, ¶ 16, 444 P.3d 1268, 1274 (Wyo. 2019)).

[¶15]   The State contends otherwise. It points to the definition of "minor," which means "an individual who is under the age of majority," Wyo. Stat. Ann. § 14-6-201(a)(xv), and argues that the use of the word "is" in that definition limits the juvenile court's jurisdiction to one who is, present tense, a minor. In support of its argument, the State cites the legislatively established rules of statutory construction, which it contends allow statutory terms in the present tense to include the future tense, but not the past tense. *See* Wyo. Stat. Ann. § 8-1-103(a)(iv) (LexisNexis 2021) ("Words in the present tense include the future tense."). We reject this argument.

[¶16]   First, it focuses on the term minor as if it were used in isolation and fails to consider its context. *See EME Wyo., LLC v. BRW East, LLC*, 2021 WY 64, ¶ 23, 486 P.3d 980, 987 (Wyo. 2021) (Our rules of statutory interpretation require that we "construe each statutory provision *in pari materia*, giving effect to every word, clause, and sentence according to their arrangement and connection."). As we noted above, subsection 5-8-102(a)(ii) stands apart from its counterparts because it refers to what a minor is alleged to have done in the past. In particular, it refers to what a minor is alleged

5

to have done in the past *before attaining the age of majority*. In that context, it is of no consequence that the term minor is defined using the word "is."

[¶17]  More importantly, the State's interpretation of subsection 5-8-102(a)(ii) would not only render the "before attaining the age of majority" language meaningless, as we discussed above, it would render subsection 5-8-102(a)(ii) entirely superfluous. The State's reading of subsection (a)(ii) would allow a juvenile court jurisdiction only over an offender who is presently a minor and who is alleged to have committed a delinquent act. That is precisely what is provided for in subsection (a)(i), which grants jurisdiction over "all matters and proceedings . . . concerning [a]ny minor alleged to be delinquent as defined in W.S. 14-6-201." A minor alleged to be delinquent is "a child" alleged to have "committed a delinquent act." Wyo. Stat. Ann. § 14-6-201(a)(ix)-(x).[3] In other words, subsections (a)(i) and (ii) would mean the same thing under the State's reading, which is a result that our rules of statutory interpretation cannot countenance. *See Delcon Partners LLC v. Wyoming Dep't of Revenue*, 2019 WY 106, ¶ 11, 450 P.3d 682, 686 (Wyo. 2019) ("[W]e will not interpret a statute in a way that renders any portion meaningless or in a manner producing absurd results.") (quoting *City of Casper v. Holloway*, 2015 WY 93, ¶ 20, 354 P.3d 65, 71 (Wyo. 2015)).

[¶18]  We instead read the subsection 5-8-102(a)(ii) grant of jurisdiction to include jurisdiction over matters and proceedings concerning offenders who have attained the age of majority but are charged with acts committed as a child. This provides us clear guidance as to what the legislature intended in its section 14-6-203(c) statement of the juvenile court's concurrent jurisdiction. Reading the two provisions together, we must conclude that the legislature intended the court's concurrent jurisdiction to include jurisdiction over matters involving an offender who has reached the age of majority but is alleged to have committed a criminal offense as a child.

[¶19]  This reading of the section 14-6-203(c) statement of jurisdiction is further confirmed by subsection 14-6-231(c)(ii), which allows a juvenile court's orders with respect to a child adjudicated delinquent to remain in effect until he or she reaches twenty-one years of age. Implicit in this provision is the legislature's recognition and intent that the juvenile court's jurisdiction under the Juvenile Justice Act may extend beyond the age of majority. *See also* Wyo. Stat. Ann. § 14-6-247(d) ("If the juvenile court places the child on probation at any sanction level, the juvenile court shall discharge the child from the custody of the probation department on the date the provisions of this section are met or on the child's twenty-first birthday, whichever is earlier.").

---

[3] The terms "child" and "minor" are used interchangeably in the Juvenile Justice Act. *See* Wyo. Stat. Ann. § 14-6-201(a)(iii), (xv).

6

[¶20] The State acknowledges this extension of the juvenile court's jurisdiction but contends that it exists only if a case is initiated in or transferred to juvenile court before the child reaches the age of majority. This condition finds no support in the legislature's grant of general jurisdiction or in the Juvenile Justice Act.

[¶21] The legislature has been clear and explicit when it has intended to limit its grant of general jurisdiction to a juvenile court and restrict its jurisdiction over a child who has reached a certain age. *See Interest of BG*, 2019 WY 116, ¶ 8, 451 P.3d at 1164 (juvenile court's jurisdiction over neglected child lapsed on child's 18th birthday when court failed to follow statutory procedures to extend it); *MF v. State*, 2013 WY 104, ¶ 11, 308 P.3d 854, 858 (Wyo. 2013) (under statute's plain terms, juvenile court's jurisdiction over child in need of supervision ended on child's 17th birthday). Section 5-8-102 imposes no such restrictions on a case against an offender alleged to have committed a delinquent act before attaining the age of majority. Instead, it grants jurisdiction in ***all matters and proceedings*** concerning such offenders. Wyo. Stat. Ann. § 5-8-102(a)(ii). The Juvenile Justice Act likewise contains no such restrictions, and we will not read into the Act, or into the grant of general jurisdiction, a requirement that charges must have been filed against a child before he or she reaches the age of majority for the juvenile court to have jurisdiction. *See Harrison*, 2021 WY 40, ¶ 7, 482 P.3d at 356 ("[T]his court will not read words into a statute when the legislature has chosen not to include them.") (quoting *Raczon v. State*, 2021 WY 12, ¶ 8, 479 P.3d 749, 751 (Wyo. 2021)).[4]

[¶22] Our reading of section 14-6-203(c), which makes the juvenile court's concurrent jurisdiction dependent on the offender's age at the time he or she committed a criminal offense, is also consistent with the legislatively identified purposes of the Juvenile Justice Act. *See* Wyo. Stat. Ann. § 14-6-201(c) (requiring the Act to be construed to effectuate enumerated public purposes). We have summarized those purposes as follows:

> Cases under the WJJA are not criminal; rather, they are special proceedings. These proceedings are therefore equitable and not punitive. They are intended to assure treatment, training and rehabilitation for children, and to provide for the care, the protection and the wholesome moral,

---

[4] In most states, juvenile court jurisdiction over a matter turns on a child's age at the time of the offense. Samuel M. Davis, *Rights of Juveniles* § 2:3 (2021 ed.). By statute, Washington differs from the majority and restricts a juvenile court's jurisdiction over an offender who reaches the age of majority. *See* Wash. Rev. Code Ann. § 13.40.300(3)(a) (West 2019) ("A juvenile may be under the jurisdiction of the juvenile court . . . beyond the juvenile's eighteenth birthday only if prior to the juvenile's eighteenth birthday . . . [p]roceedings are pending seeking the adjudication of a juvenile offense and the court by written order setting forth its reasons extends jurisdiction of juvenile court over the juvenile beyond his or her eighteenth birthday."). As noted, neither Wyoming's Juvenile Justice Act nor the grant of general jurisdiction to juvenile courts contains a similar limitation on juvenile court jurisdiction.

mental and physical development of children coming within its provisions. Thus, one of the purposes of a delinquency proceeding is to remove, where appropriate, the taint of criminality from children committing certain unlawful acts.

*Vaughn v. State*, 2017 WY 29, ¶ 11, 391 P.3d 1086, 1091 (Wyo. 2017) (cleaned up).

[¶23]   These same goals are reflected in the Juvenile Justice Act's progressive sanctions, which the Act states are intended to:

> (i)      Ensure that juvenile offenders face uniform and consistent consequences and punishments that correspond to the seriousness of each offender's current offense, prior delinquent history, special treatment or training needs and effectiveness of prior interventions;
>
> (ii)      Balance public protection and rehabilitation while holding juvenile offenders accountable;
>
> (iii)      Permit flexibility in the decisions made in relation to the juvenile offender to the extent allowed by law;
>
> (iv)      Consider the juvenile offender's circumstances; and
>
> (v)      Improve juvenile justice planning and resource allocation by ensuring uniform and consistent reporting of disposition decisions at all levels.

Wyo. Stat. Ann. § 14-6-245(a).

[¶24]   We have also observed:

> Separate juvenile courts were justified by the belief that
>
> children were different, that they were continuing to develop cognitively and emotionally, and that they could benefit from rehabilitation efforts and become productive citizens. Furthermore, because children were different from adults, they should not be placed

8

> with adults in detention or prisons. These core principles continue today to lie at the heart of the rationale for separate juvenile courts.

*Brown v. State*, 2017 WY 45, ¶ 17, 393 P.3d 1265, 1272 (Wyo. 2017) (quoting *Minnesota Juvenile Courts: Principles of Excellence for the Next 100 Years*, 32 Wm. Mitchell L. Rev. 877, 877 (2006)).

[¶25] In contrast to the Juvenile Justice Act's primary goals of treatment, training, rehabilitation, and avoiding the taint of criminality, "the adult justice system focuses on punishment, deterrence, and retribution as explicit goals." *Bostelman v. People*, 162 P.3d 686, 692 (Colo. 2007) (citing Hillary J. Massey, *Disposing of Children: The Eighth Amendment and Juvenile Life Without Parole After Roper*, 47 B.C.L.Rev. 1083, 1086 (Sept. 2006)). "[I]t is generally recognized that a sentence is imposed for **one or more** of four purposes: (1) rehabilitation, (2) punishment (specific deterrence and retribution), (3) example to others (general deterrence), and (4) removal from society (incapacitation or protection of the public)." *Hall v. State*, 2018 WY 91, ¶ 11, 423 P.3d 329, 331 (Wyo. 2018) (emphasis in original) (quoting *Cohee v. State*, 2005 WY 50, ¶ 20, 110 P.3d 267, 274 (Wyo. 2005)).

[¶26] Were we to interpret section 14-6-203(c) to condition a juvenile court's concurrent jurisdiction on the age of an offender at the time of charging, the court would have jurisdiction over an offender who committed an act at the age of seventeen and was charged while still seventeen. It would not, however, have jurisdiction over an offender who committed an act at seventeen and was not charged until he or she was eighteen. Both offenders were seventeen when the act was committed, but one would have the opportunity to avoid the taint of criminality and the other would not. Such a result undermines the Juvenile Justice Act's goals and the uniformity and consistency it seeks in consequences and punishments that may be incurred when a child commits a criminal offense. As the Colorado Supreme Court observed when considering a similar question:

> Shifting the focus to the prosecution's timing of filing charges, rather than the age of the child at the time of the delinquent act, encourages prosecutorial delay in bringing charges and raises the very real possibility that children who commit the same act will be treated substantially differently, depending on which prosecutor brings the charge. The legislature intended neither of these possibilities.

*Bostelman*, 162 P.3d at 692-93.

[¶27] The delay in charging need not be attributable to prosecutorial delay or whim to raise these concerns. Whether the delay is attributable to prosecutorial delay, a delay in

9

reporting the crime, investigatory delays, or any other factor, the result remains the same: two similarly situated children will be treated differently, with one having an opportunity to transfer to juvenile court and the other denied that opportunity. The one constant that will provide the uniformity and consistency the legislature intended is to interpret section 14-6-203(c) to authorize the juvenile court's concurrent jurisdiction based on the age of the offender when the act was committed. *See Matter of Adoption of ATWS*, 2021 WY 62, ¶ 11, 486 P.3d at 160 ("Where legislative intent is discernible a court should give effect to the 'most likely, most reasonable, interpretation of the statute given its design and purpose.'") (quoting *Adekale v. State*, 2015 WY 30, ¶ 12, 344 P.3d 761, 765 (Wyo. 2015)).

[¶28]   The cases from other jurisdictions cited by the State do not persuade us otherwise. *See United States v. Hoo*, 825 F.2d 667, 669-70 (2d Cir. 1987); *Commonwealth v. Monaco*, 869 A.2d 1026, 1028-30 (Pa. Super. Ct. 2005). Both cases interpreted statutes that specifically addressed what happens when an offender commits an offense as a child but is charged after reaching the age of majority, and the statutes in both cases placed specific limits on the juvenile court's jurisdiction in those circumstances. Neither court was required to construe an ambiguous statute.[5]

[¶29]   We turn next to the district court's analysis, much of which the State has echoed in its briefing. The court concluded that the Juvenile Justice Act contains no provision that would authorize the State to commence or initiate a case or petition in juvenile court against an offender who has reached the age of majority. For the reasons discussed above, however, we have concluded that the juvenile court's concurrent jurisdiction depends on the offender's age at the time of the offense and not at the time of charging. Thus, a juvenile court may have concurrent jurisdiction over a matter involving an offender who has reached the age of majority but committed a criminal offense as a child. In that event, the Act clearly provides for the filing of such a case in juvenile court.

> Except as provided in subsection (f) of this section, all cases over which the juvenile court has concurrent jurisdiction shall be originally commenced in the juvenile court but may thereafter be transferred to another court having jurisdiction pursuant to W.S. 14-6-237.

---

[5] Both cases also addressed circumstances where the person was charged after reaching the age of twenty-one for crimes committed as a child. That is not the circumstance here. Mr. Rosen was charged when he was eighteen, an age over which the Juvenile Justice Act contemplates juvenile court jurisdiction. This case does not present a question of the juvenile court's jurisdiction over a person who commits an offense as a child and is charged after he reaches the age of twenty-one, and we therefore will not address that question.

Wyo. Stat. Ann. § 14-6-203(e).[6]

[¶30] The district court also rejected the juvenile court's jurisdiction based on the repeated use of the terms "minor" and "child" throughout the Juvenile Justice Act. The Act does indeed consistently refer to the offender before the court as a minor or child, but we see no indication that the legislature intended to attach jurisdictional significance to its use of those terms.

[¶31] The State acknowledges, as did the district court, that under the express terms of the Juvenile Justice Act, a juvenile court's jurisdiction extends past the date that an offender reaches the age of majority. *See* Wyo. Stat. Ann. §§ 14-6-231(c)(ii), 14-6-247(d). In fact, even setting aside the court's original jurisdiction over an offender who is charged as an adult for an offense committed as a child, it is entirely conceivable that an offender could be charged when a child and reach the age of majority before he or she is adjudicated or after he or she is adjudicated but before sanctions are imposed or his or her probationary term has expired. There are many provisions of the Act that authorize or require court action with respect to a "child," or outline the rights of a "child," that we have no doubt the legislature intended to apply equally to any offender properly before the court, even if he or she has reached the age of majority. For example:

- Wyo. Stat. Ann. § 14-6-219 authorizes the juvenile court to order a physical or mental examination of a "child" and take certain actions based on the results of such examinations (including consideration of the child's mental or intellectual ability to participate in further proceedings);

- Wyo. Stat. Ann. § 14-6-220 authorizes the juvenile court to order emergency medical, surgical, or dental examination of a "child" for purposes of treatment or evidence preservation;

- Wyo. Stat. Ann. § 14-6-223(a) provides that a "child alleged to be delinquent may remain silent and need not be a witness against or otherwise incriminate himself, whether before the court voluntarily, by subpoena or otherwise";

---

[6] The district court focused much of its analysis on subsection 14-6-203(f), but that provision does not rule out juvenile court jurisdiction. It merely provides alternative courts in which certain offenses *may* originally be commenced, including felony cases in which a minor has reached the age of seventeen. Wyo. Stat. Ann. § 14-6-203(f)(iii). The State therefore had discretion to commence the case against Mr. Rosen in either district court or juvenile court.

- Wyo. Stat. Ann. § 14-6-228 allows the juvenile court to issue a consent decree, hold proceedings in abeyance, and place a delinquent "child" on probation;

- Wyo. Stat. Ann. § 14-6-232 allows proceedings against a "child" who violates the terms of his or her probation, and allows the juvenile court to modify or extend those terms if a violation is found;

- Wyo. Stat. Ann. §§ 14-6-246 through -252 allow the juvenile court to impose sanctions upon a "child"; and

- After adjudication, Wyo. Stat. Ann. § 14-6-247(a) allows the juvenile court to order: (ii) a child committed for substance abuse treatment; (v) payment of restitution by the child; (viii) examination of the child to determine the appropriate treatment, training, counseling, and placement; (ix) restrictions on a child's driving privileges; and (xi) the child to undergo evaluation and treatment to address problems that contributed to the adjudication.

[¶32]   Just as there are provisions of the Juvenile Justice Act that we must conclude the legislature intended to apply equally to children and offenders who have reached the age of majority, there are also provisions that will, by their nature, apply only to children. *See, e.g.*, Wyo. Stat. Ann. §§ 14-6-206 (shelter care); 14-6-209(d) (allowing court to change child's legal custody); 14-6-215(a) (court to insure presence of parents, guardian or custodian at proceedings); 14-6-216 (appointment of guardian ad litem); 14-6-227(b) (appointment of multidisciplinary team). That does not render those provisions superfluous or meaningless, as the State argues. It means only that there will be cases where they simply do not apply. That is not an unusual result or out of step with the legislature's apparent intent. There is nothing in the Act to suggest that the legislature intended every provision to apply in every case.

[¶33]   In reading the Juvenile Justice Act as a whole, and in harmony with the grant of general jurisdiction to juvenile courts, it is apparent that the legislature understood and intended that a juvenile court's jurisdiction would extend to child offenders who have attained the age of majority. The legislature could have more clearly defined the reach of that jurisdiction, but in the absence of such clarity, it is the task of this Court to interpret the Act's terms in a manner consistent with the legislature's intent and to "give effect to the 'most likely, most reasonable, interpretation of the statute given its design and purpose.'" *Matter of Adoption of ATWS*, 2021 WY 62, ¶ 11, 486 P.3d at 160 (quoting *Adekale*, 2015 WY 30, ¶ 12, 344 P.3d at 765). Given the discernible legislative intent, we cannot interpret the use of the term "child" throughout the Act to be jurisdictional. We

instead interpret it as a recognition of the type of offender that a juvenile court has before it, that is, a child offender or one who committed an offense as a child.

[¶34] There will be occasions in these types of cases when an offender's age and circumstances at the time of charging, the infeasibility or unavailability of treatment and rehabilitation services, or other practical considerations, will counsel against a transfer to juvenile court. That is why transfer decisions are committed to the sound discretion of our district courts. The legislature has not deprived them of jurisdiction in this circumstance; but rather deferred to them to make appropriate transfer decisions, based on the factors set forth in Wyo. Stat. Ann. § 14-6-237(b). *Warner v. State*, 2021 WY 133, ¶¶ 9, 23, 498 P.3d 1016, 1018, 1023 (Wyo. 2021) (upholding district court's exercise of discretion in denying transfer motion); *Sam v. State*, 2017 WY 98, ¶¶ 10-11, 401 P.3d 834, 842-43 (Wyo. 2017) (same).

[¶35] We reverse and remand for proceedings consistent with this opinion.