# IN THE SUPREME COURT, STATE OF WYOMING

# 2022 WY 33

### OCTOBER TERM, A.D. 2021

### March 8, 2022

IN THE INTEREST OF:
RH,

Appellant
(Defendant),

v.

THE STATE OF WYOMING,

Appellee
(Plaintiff).

S-21-0189

*Appeal from the District Court of Albany County*
*The Honorable Tori R.A. Kricken, Judge*

*Representing Appellant:*

Thomas B. Jubin, Jubin & Zerga, LLC, Cheyenne, Wyoming.

*Representing Appellee:*

Bridget L. Hill, Attorney General; Jenny L. Craig, Deputy Attorney General; Joshua C. Eames, Senior Assistant Attorney General; Catherine M. Mercer, Assistant Attorney General.

*Before FOX, C.J., and DAVIS\*, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

*FOX, C.J., delivers the opinion of the Court; KAUTZ, J., files a specially concurring opinion.*

*\*Justice Davis retired from judicial office effective January 16, 2022, and, pursuant to Article 5, § 5 of the Wyoming Constitution and Wyo. Stat. Ann. § 5-1-106(f) (LexisNexis 2021), he was reassigned to act on this matter January 18, 2022.*

NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**FOX, Chief Justice.**

[¶1]   The State filed a delinquency petition against RH when he was sixteen years old and thereafter agreed to a deferred prosecution. After RH successfully completed the terms of his deferral, the juvenile court dismissed the delinquency petition, and RH petitioned the court for expungement of his record pursuant to Wyo. Stat. Ann. § 14-6-241 (LexisNexis 2021). The court concluded that RH was ineligible to have his record expunged because the delinquency petition charged him with a violent felony, and it denied the petition. We reverse.

## ISSUE

[¶2]   The sole issue is whether Wyo. Stat. Ann. § 14-6-241 allows expungement of a juvenile record where a delinquency petition was dismissed, but the delinquent act charged was a violent felony.

## FACTS

[¶3]   On June 18, 2019, sixteen-year-old RH and his twelve-year-old cousin were staying with their grandparents, who lived in Albany County, Wyoming. That evening they spent the night alone in an RV on the grandparents' property and played a game in which the loser had to remove an article of clothing. The game progressed to the point where both were nude and touching each other, and RH penetrated his cousin's vagina and anus with his penis. As a result, the State filed a delinquency petition against RH charging him with first degree sexual assault of a minor.

[¶4]   Pursuant to a consent decree, the State agreed to defer the delinquency petition against RH, and he was placed on probation for one year.[1] The consent decree provided that upon successful completion of the probationary period, the charges in the delinquency petition would be dismissed. RH successfully completed his probation, and the State moved to terminate the juvenile court's jurisdiction and to close and seal the file. The court granted that motion and ordered its jurisdiction terminated and the file closed and sealed.

[¶5]   On April 22, 2021, RH petitioned to have the record of the juvenile delinquency proceedings against him expunged. As grounds for expungement, the petition asserted:

> 6.      Petitioner has reached the age of majority, having turned 18 years old on March 13, 2021. He has not been convicted of any felony, nor is any proceeding involving a felony pending or being instituted against him.

---

[1] Before the parties agreed to enter into the consent decree, RH was evaluated by Chuck Denison, PhD, a forensic psychologist. Dr. Denison found no signs of psychosexual deviance in RH and concluded there was no need for a psychosexual evaluation. Nonetheless, one was done during RH's probationary period. That evaluation concluded that RH was a low risk to reoffend, and the evaluator recommended against sexual offender specific treatment.

1

7.      Petitioner has been fully rehabilitated. He attended counseling and he wrote a heartfelt letter of apology. Petitioner has been attending school and is working to succeed academically. His mother reports that his anxiety attacks have abated and [RH] appears to be doing well. He continues to have counseling available on an as-needed basis. He is in the onboarding training process to work as a customer service representative. . . .

[¶6]    The State objected to RH's petition for expungement. It contended that RH was statutorily ineligible to have the record of the dismissed delinquency petition against him expunged because the petition charged him with a violent felony. The juvenile court agreed and denied RH's petition. RH timely appealed the ruling to this Court.

## STANDARD OF REVIEW

[¶7]    Whether RH is eligible to have his juvenile record expunged depends on our interpretation of Wyo. Stat. Ann. 14-6-241. Questions of statutory interpretation are questions of law that we consider de novo. *Matter of Adoption of ATWS*, 2021 WY 62, ¶ 8, 486 P.3d 158, 160 (Wyo. 2021) (quoting *Matter of Adoption of MAJB*, 2020 WY 157, ¶¶ 9, 13, 478 P.3d 196, 200–01 (Wyo. 2020)).

## DISCUSSION

[¶8]    The Juvenile Justice Act allows for the expungement of juvenile records. It provides in relevant part:

> (a) Any person adjudicated delinquent as a result of having committed a delinquent act other than a violent felony as defined by W.S. 6-1-104(a)(xii), under the provisions of this act may petition the court for the expungement of his record in the juvenile court upon reaching the age of majority. Any petition filed under this section shall be verified by the petitioner, served upon and reviewed by the prosecuting attorney, and no order granting expungement shall be issued prior to the expiration of twenty (20) days after service was made.
>
> *     *     *
>
> If an objection is filed and after investigation the court finds that the petitioner has not been convicted of a felony since adjudication, that no proceeding involving a felony is pending or being instituted against the petitioner and the rehabilitation

2

of the petitioner has been attained to the satisfaction of the court or the prosecuting attorney, it shall order expunged all records in any format including electronic records in the custody of the court or any agency or official, pertaining to the petitioner's case.

\* \* \*

Upon entry of an order the proceedings in the petitioner's case are deemed never to have occurred and the petitioner may reply accordingly upon any inquiry in the matter.

\* \* \*

(d) The record of a minor admitted to a diversion program or granted a deferral pursuant to Wyoming statute may be expunged *in the same manner and subject to the same limitations as provided in subsection (a)* of this section by petition to the court ordering the diversion program or deferral.

(e) A record of arrest, charges or disposition of a minor resulting in dismissal, declined prosecution or otherwise not resulting in a conviction or an adjudication of delinquency or an adjudication of being a child in need of supervision may be expunged *in the same manner and subject to the same limitations as provided in subsection (a)* of this section by petition to the court.

Wyo. Stat. Ann. § 14-6-241 (LexisNexis 2021) (emphasis added).

[¶9]　RH was not adjudicated delinquent, so if he is eligible to have his juvenile court record expunged, it is under either subsection 14-6-241(d), which applies to deferrals, or (e), which applies to dispositions resulting in dismissal. Subsections (d) and (e) each direct that the records "may be expunged in the same manner and subject to the same limitations as provided in subsection (a)." To determine RH's eligibility, we must therefore determine what is meant by the phrase, "subject to the same limitations as provided in subsection (a)."[2]

---

[2] The phrase, "in the same manner," is not the focus of the dispute in this case. Manner means "mode of procedure." *Manner*, *Merriam-Webster* https://www.merriam-webster.com/dictionary/manner, (last visited 2/1/2022). The procedure for expungement is straightforward. In a nutshell, upon reaching the age of majority, the individual seeking expungement must file a petition with the appropriate court and serve it upon the prosecuting attorney. Wyo. Stat. Ann. § 14-6-241(a). If an objection is filed, a hearing is required,

[¶10]   "'When we interpret statutes, our goal is to give effect to the intent of the legislature, and we attempt to determine the legislature's intent based primarily on the plain and ordinary meaning of the words used in the statute.'" *Orosco v. State*, 2022 WY 15, ¶ 13, 503 P.3d 51, 55 (Wyo. 2022) (quoting *EME Wyo., LLC v. BRW East, LLC*, 2021 WY 64, ¶ 23, 486 P.3d 980, 987 (Wyo. 2021)). We have also said that while the plain language of a statute ultimately controls our interpretation, "[s]tatutes that provide for the care and discipline of juveniles are generally given a liberal and practical construction in favor of the child's welfare." *Vaughn v. State*, 2017 WY 29, ¶ 9, 391 P.3d 1086, 1091 (Wyo. 2017) (citing *KP v. State*, 2004 WY 165, ¶ 27, 102 P.3d 217, 225 (Wyo. 2004)). Our search for a statute's plain meaning is guided by the following:

> We . . . construe each statutory provision *in pari materia*, giving effect to every word, clause, and sentence according to their arrangement and connection. To ascertain the meaning of a given law, we also consider all statutes relating to the same subject or having the same general purpose and strive to interpret them harmoniously. We presume that the legislature has acted in a thoughtful and rational manner with full knowledge of existing law, and that it intended new statutory provisions to be read in harmony with existing law and as part of an overall and uniform system of jurisprudence. When the words used convey a specific and obvious meaning, we need not go farther and engage in statutory construction.

*Orosco*, 2022 WY 15, ¶ 13, 503 P.3d at 55 (quoting *EME*, 2021 WY 64, ¶ 23, 486 P.3d at 987).

[¶11]   Subsection 14-6-241(a) begins, "Any person adjudicated delinquent as a result of having committed a delinquent act other than a violent felony as defined by § 6-1-104(a)(xii), under the provisions of this act may petition the court for the expungement of his record in the juvenile court upon reaching the age of majority." The district court interpreted the first clause of this phrase to also apply to any person who petitions for expungement of a juvenile record under subsections (d) or (e). This would mean that if the act for which there is a record but no adjudication or conviction was a violent felony, the individual would not be eligible to have that record expunged. The district court reasoned:

> The Court finds the language of Wyoming Statute § 14-6-241(a) unambiguous. The legislature clearly intended to be eligible for expungement of juvenile records *only* those petitioners who fall outside the limitations of subsection (a).

---

and the court may then order expungement based upon certain findings. *Id.* If no objection is filed, the court may summarily order the expungement if it finds that the petitioner is eligible. *Id.*

Those limitations include language prohibiting expungement of delinquent acts which would constitute a violent felony, even if the petitioner was not adjudicated as having committed the act and some other disposition occurred, as specified in subsections (d) and (e). Even without adjudication, subsections (d) and (e) are subject to the violent felony exclusion included in subsection (a). Any other interpretation would negate the necessity of subsections (d) and (e).

[¶12]   We disagree with the district court's interpretation. We fail to see any interpretation that does not apply the violent felony restriction of subsection 14-6-241(a) to subsections (d) and (e) that would negate the necessity of subsections (d) and (e). The parties agree, and it is apparent from the statute, that the purpose of adding subsections (d) and (e) was to broaden the types of juvenile records that are eligible for expungement. Subsections (d) and (e) were added to the statute in 2019. 2019 Wyo. Sess. Laws 97, ch. 29, sec. 1. Before that amendment, the statute provided no mechanism for the expungement of juvenile records in those cases in which there was no adjudication or conviction. Subsection (a), by its plain terms, applied only to a "person adjudicated delinquent," and subsections (b) and (c) applied to records of convictions in municipal and circuit courts. Subsections (d) and (e) thus filled that gap, and they would do so regardless of whether subsection (a)'s violent felony restriction applied. We thus reject the district court's interpretation.

[¶13]   We are likewise unpersuaded by the State's argument. It argues that the limitations found in subsection 14-6-241(a), which subsections (d) and (e) incorporate, include the violent felony restriction.[3] It contends:

While the violent felony restriction references adjudications, this does not prevent it from applying to deferrals or dismissals where the charges involve violent felonies, because the implications of subsections (d) and (e) are that the limitations in subsection (a) can, and should, be adjusted to apply to situations that do not end in adjudication.

[¶14]   This Court is not at liberty to adjust statutory provisions. *Black Diamond Energy of Del., Inc. v. Wyo. Oil & Gas Conservation Comm'n*, 2020 WY 45, ¶ 35, 460 P.3d 740, 750 (Wyo. 2020) ("A court cannot, under the guise of its powers of construction, rewrite a statute, supply omissions, or make other changes.") (quoting *Triangle Cross Ranch, Inc. v. State*, 2015 WY 47, ¶ 18, 345 P.3d 890, 894 (Wyo. 2015)). We must instead interpret the statute according to the legislature's arrangement of its words, clauses, and sentences. *EME*, 2021 WY 64, ¶ 23, 486 P.3d at 987 (effect must be given to every word, clause, and

---

[3] We agree with the State that the term limitations, as used in subsections 14-6-241(d) and (e), means restrictions. *Limitation*, *Black's Law Dictionary* (11th ed. 2019).

5

sentence of a statute according to their arrangement and connection) (citing *Wyo. Jet Ctr., LLC v. Jackson Hole Airport Bd.*, 2019 WY 6, ¶ 12, 432 P.3d 910, 915 (Wyo. 2019)). The legislature's structure of Wyo. Stat. Ann. § 14-6-241 does not support the State's interpretation.

[¶15] Subsections 14-6-241(a) through (e) each specify a separate category of juvenile records that may be eligible for expungement. Subsection (a) authorizes the expungement of the records of a person adjudicated delinquent as a result of an act other than a violent felony. Subsections (b) and (c) authorize the expungement of records of a minor convicted in municipal or circuit court, and subsections (d) and (e) authorize the expungement of records in cases in which there was no adjudication or conviction. Given this structure, the question is whether the violent felony language in subsection (a) describes the category of records that may be expunged, or is a "limitation" on expungement, as that term is used in subsections (d) and (e). We conclude it is the former.

[¶16] The violent felony language is in the introductory clause of subsection 14-6-241(a), separate and apart from the provisions that establish the procedure for expungement and the court's findings. That placement suggests the legislature intended the language would serve only to describe the category of records that may be expunged under that subsection. The introductory clause is then followed by separate terms that clearly set out the procedure to be followed and the findings a court must make before ordering an expungement. Specifically, a court must find "that the petitioner has not been convicted of a felony since adjudication, that no proceeding involving a felony is pending or being instituted against the petitioner and the rehabilitation of the petitioner has been attained to the satisfaction of the court or the prosecuting attorney." Wyo. Stat. Ann. § 14-6-241(a). Given the logical purpose of the introductory clause, and the separate listing of required findings, we conclude that the reference in subsections (d) and (e) to subsection (a) "limitations" is a reference to the separately listed findings a court must make.

[¶17] This interpretation is consistent with the practical interpretation we must give the statute "in favor of the child's welfare." *Vaughn*, 2017 WY 29, ¶ 9, 391 P.3d at 1091. A stated goal of the Juvenile Justice Act is to "remove, where appropriate, the taint of criminality from children committing certain unlawful acts." Wyo. Stat. Ann. § 14-6-201(c)(ii)(B). This objective is not served by disallowing the expungement of a juvenile record in a case in which a juvenile is arrested for or charged with an offense that constitutes a violent felony but is never adjudicated or convicted of that offense. If we interpreted the violent felony restriction to apply to subsection 14-6-241(e), a minor who was arrested for such an offense would be unable to seek expungement even if prosecution was declined. This seems particularly incongruous when a minor who is in fact adjudicated delinquent, albeit on a charge that is not a violent felony, may seek expungement of his or her records. We do not believe the legislature would have intended such a result. *See Rosen v. State*, 2022 WY 16, ¶ 17, 503 P.3d 41, 46 (Wyo. 2022) ("We will not interpret a statute in a way that renders any portion meaningless or in a manner producing absurd results.")

(quoting *Delcon Partners LLC v. Wyo. Dep't of Revenue*, 2019 WY 106, ¶ 11, 450 P.3d 682, 686 (Wyo. 2019)).[4]

[¶18]  For these reasons, the district court erred in interpreting Wyo. Stat. Ann. § 14-6-241(d) and (e). We therefore reverse and remand for proceedings consistent with this opinion.

---

[4] Further confirmation of the legislature's intent may be found in Wyo. Stat. Ann. § 7-13-1401. The legislature amended that statute at the same time it amended the Juvenile Justice Act's expungement provision. Wyo. Sess. Laws 97, ch. 29, sec. 1. Through that amendment, the legislature authorized the State to petition for expungement of juvenile records of arrests or charges that did not result in a deferral or conviction, without regard to whether the arrest or charge was for a violent felony. *Id.*; Wyo. Stat. Ann. § 7-13-1401(a). We can think of no reason the legislature would place a violent felony restriction on subsection 14-6-241(e), and not on the State's authority under Wyo. Stat. Ann. § 7-13-1401(a). In fact, subsection 7-13-1401(a) would allow an adult to petition for expungement of his or her record of an arrest or charge that did not result in a deferral or conviction, without regard to whether the arrest of charge was for a violent felony. It of course makes no sense for the legislature to allow an adult to seek such an expungement without the violent felony restriction but impose such a restriction on a juvenile who seeks an expungement.

**KAUTZ, Justice**, **specially concurring.**

[¶19]   I concur in the result of the proposed majority opinion, but I reach that result by a different route.

[¶20]   At the outset, I find the only issue in this case is whether Wyo. Stat. Ann. § 14-6-241 allows expungement of a juvenile record where the applicant was accused of a violent felony but was not adjudicated delinquent because he successfully completed a statutory deferral program.  The issue stated by the majority, which addresses expungement after any dismissal of a delinquency charge based on an accusation of a violent felony, goes beyond the facts presented in this case.

[¶21]   I conclude that § 14-6-241(a) and (d) (LexisNexis 2021), which together apply to this case, are ambiguous.  In this regard, I differ from the majority opinion which finds the language to be unambiguous.  However, when one employs the statutory construction analysis presented in the majority opinion to the ambiguity in the statute, the result is the one reached by the majority.

[¶22]   "A statute is clear and unambiguous if the words are such that reasonable minds are able to agree on its meaning in a consistent and predictable fashion.  Ambiguity arises if the statute is vague or uncertain and subject to varying interpretations. . . .  If we determine that the language of a statute is ambiguous, only then will we proceed to the next step; that is, the application of general principles of statutory construction to the language of the statute in order to construe any ambiguous language to accurately reflect the intent of the legislature." *Bohling v. State*, 2017 WY 7, ¶ 18, 388 P.3d 502, 506 (Wyo. 2018) (citations omitted).

[¶23] Section 14-6-241 provides for expungement of juvenile records.  Subsection (a) addresses expungement of records for juveniles adjudicated delinquent.  Subsection (d) addresses expungement of records for juveniles who were not adjudicated delinquent because they completed a deferral or diversionary program, such as the one RH competed.  Subsection (e) does not apply here because it uses more general language about dismissals.  "Where a general statute and a specific statute speak to the same concern, precedence is given to the terms of the more specific statute." *Olsen v. State,* 2003 WY 46, ¶ 168, 67 P.3d 536, 596 (Wyo. 2003).  As a result, subsection (e) applies to juveniles who were not adjudicated delinquent for other reasons (i.e., a trial verdict in their favor) or who faced juvenile charges which were dismissed.  Subsection (d), which applies in this case, allows individuals who complete a deferral program like a consent decree to obtain expungement "subject to the same limitations as provided in subsection (a)."  Exactly what constitutes "the same limitations as provided in subsection (a)" may be reasonably interpreted in varying ways, making the statute ambiguous.

[¶24] Subsection (a) states expungement is available to "any person adjudicated delinquent as a result of having committed a delinquent act other than a violent felony as defined by W.S. 6-1-104(a)(xii)." This statement may be interpreted as a description of who may apply for expungement, and not as a limitation on expungement. However, it reasonably may be seen as establishing a limitation on expungement which excludes crimes defined as violent felonies. The language is not clearly and unambiguously indicative one way or the other. Because the language is ambiguous, it is then (and only then) appropriate to employ the general principles of statutory construction utilized in the majority opinion to determine the intent of the legislature. I concur with the analysis of those principles found in the majority opinion and agree that § 14-6-241(d) does not preclude an application for expungement by a juvenile who was charged with a violent felony but was not adjudicated delinquent because he completed a diversion program.